## L. M. LEVINSON V. TEXAS & NEW ORLEANS RAILWAY COMPANY.

### Delivered December 22, 1897.

**Railway Ticket—Limitations Against Transfer.**

A railroad company which sells an excursion ticket providing that no other person than the purchaser can acquire any property therein, and that parting with the possession thereof in any manner, except to an authorized officer of the company, shall constitute an abandonment of all future rights thereunder, and that unless the conditions of the ticket are complied with the ticket shall be void, and on presentation may be taken up and full fare collected, may, where such ticket has been used and is afterwards presented by a person other than the original purchaser, take it up and refuse to surrender it.

ERROR to the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*W. G. Love,* for plaintiff in error.

*Baker, Botts, Baker & Lovett,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by plaintiff in error to recover of defendant in error the sum of nine dollars and twenty cents, the amount paid for a ticket by one Eugene Christian to enable him to ride from Schriever, Louisiana, to Houston, Texas, and for the five hundred dollars penalty, authorized by statute, for a failure to redeem said ticket when presented. Defendant in error answered denying Christian's power, under the statute, to sell the ticket to plaintiff in error, and also that Christian had actually traveled on the ticket from Schriever, Louisiana, to Houston, Texas. The cause was tried without a jury and resulted in a judgment for defendant in error.

The facts show that on December 2, 1895, one Eugene Christian bought a ticket from defendant in error in Schriever, Louisiana, which entitled him to a continuous first-class passage from that point to Houston, Texas. He boarded the train at Schriever, and the first conductor detached what is known as the "auditor's stub," but did not punch the ticket proper which he returned to Christian. The first conductor's run ended at Lafayette, Louisiana, and Christian being in the sleeping coach, the next conductor failed to take up the ticket, although it was his duty so to do.

Upon arrival at Houston, Christian presented his ticket for redemption, which was refused, and afterwards plaintiff in error presented the ticket for redemption, and it was again refused. There was nothing on the ticket to show that it had been used, and plaintiff in error paid Christian a valuable consideration for it, not knowing that it had been used.

The railroad ticket was a non-negotiable paper, and, if transferable, at all, was transferred subject to all defenses that could have been set up against it in the hands of Eugene Christian. Elliott on Railroads, sec. 1593.

The ticket entitled Christian to one continuous passage between the points designated in it. It had performed its office, and it would be absurd to contend that Christian could, with any show of justice or right, demand a repayment of the money for the ticket after he had received all he had paid for. The simplest principles of honesty and regard for the rights of others would have caused him to have returned the ticket to the railway company for cancellation. This, however, was not his conception of right, and after failing to collect the money on the ticket from the railway company, he sold the ticket to plaintiff in error. Except as to the question of morals involved, plaintiff in error has taken his place and can not recover. The very statute invoked to obtain the penalty makes it incumbent on railway companies to redeem tickets that have not been used by the holder, who was, in contemplation of the statute, the purchaser. Under the facts of this case any other judgment than that rendered by the trial court would be in defiance of the plainest dictates of honesty, justice, and good morals. It is not necessary in this case to discuss the constitutionality of the Act of 1893, which provides for how and by whom tickets on railroads shall be sold, and for the redemption of tickets and parts of tickets unused.

The judgment is affirmed.

*Affirmed.*