ADOLPH WETZ, NEXT FRIEND, ETC.; v. WELLS THOMPSON, DISTRICT JUDGE.

Decided June 6, 1901.

1.—Jurisdiction of Court of Civil Appeals—Habeas Corpus.

The Court of Civil Appeals has no original jurisdiction to issue a writ of habeas corpus to determine the right to the custody of minor children.

2.—Same—Mandamus.

The Court of Civil Appeals is without jurisdiction to issue the writ of mandamus to compel a district judge to grant and hear an application for a writ of habeas corpus to determine relator's right to the custody of minor children, where such application is an attempt to have a judgment of the district court in a divorce suit reviewed in that manner, instead of by appeal.

Original application for mandamus.

*Slyfield & Davidson,* for relator.

GARRETT, CHIEF JUSTICE.—Adolph Wetz, professing to act as next friend for his minor children, Ada, 2 years of age, and Olga, aged 9 months, has filed in this court an application for a writ of mandamus to Hon. Wells Thompson, judge of the Twenty-third Judicial District, to compel him to grant and hear the application of the petitioner for a writ of habeas corpus, and to have said minor children brought before said judge and to determine to whose care and custody their persons should be awarded. There is an alternative prayer that his court grant the writ of habeas corpus and determine the question of the care and custody of said minors. The Court of Civil Appeals has power only to issue writs of mandamus and such other writs as may be necessary to enforce the jurisdiction of the court, except that the court, or any judge thereof in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause. Const., art. 5, sec. 6; Rev. Stats., arts. 997, 1000. The application to this court shows that in a suit for divorce in the District Court of Fort Bend County in which Alma Wetz, the wife of petitioner, was plaintiff and he was defendant, a divorce was granted on April 27, 1901, and that the custody of the children was awarded to the plaintiff in the suit. The petition for the writ of habeas corpus attacks this decree as to the custory of the children as unjust and without proper evidence to support it. It is clear that the Court of Civil Appeals has no original jurisdiction to issue a writ of habeas corpus. In a suit brought to determine the custody of a minor the writ of habeas corpus may be invoked, and the Court of Civil Appeals would have appellate jurisdiction of such a suit. Legate v. Legate, 87 Texas, 248. And in such a suit the Court of Civil Appeals could issue the writ of mandamus to enforce its jurisdiction and to compel the district judge to proceed with the trial of the cause. Rev. Stats., arts. 997, 1000; Cox v. Hightower, 19 Texas Civ. App., 536, and authorities cited. But the petition addressed to the district judge was no such suit. It is an attempt to review the judgment of the District Court in the divorce suit by habeas corpus, instead of an appeal. This court is without jurisdiction to issue either the writ of mandamus or of habeas corpus as prayed for, and the application will be dismissed.

*Dismissed.*