CHICAGO, R. I. & G. RY. CO. v. WHORTON. (No. 1071.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1916.)

APPEAL AND ERROR ⟜274(1)—EXCEPTIONS, BILL OF ⟜20—STATEMENT OF FACTS.

A statement of fact approved by the trial court, of presentation of objections and of exceptions, relative to requested instructions, all before submission of the general charge, is sufficient to constitute proper exceptions, as well as a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631, 1633, 1634, 1641; Dec. Dig. ⟜274(1); Exceptions, Bill of, Cent Dig. §§ 21–28; Dec. Dig. ⟜20.]

Appeal from Sherman County Court; C. H. Rowland, Judge.

Action by W. A. Whorton against the Chicago, Rock Island & Gulf Railway Company. From an adverse judgment, defendant appeals. Heard on motion of appellee. Sustained in part.

R. E. Stalcup and J. Y. Powell, both of Dalhart, and Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. Stahl & Elliott, of Stratford, for appellee.

On Motion to Strike Exceptions from Transcript.

HENDRICKS, J. The railway company at the trial excepted to special charge No. 1, requested by the plaintiff, and submitted by the court to the jury, with the criticism by the appellee in its motion that the exceptions should be stricken from the record as insufficient under the statute. The following constitutes the action of the court upon the exceptions:

"The foregoing exceptions are examined, approved before the submission of the general charge and are ordered filed.
"C. H. Rowland, County Judge."

At the trial, the defendant railroad company also requested two separate special charges refused by the trial court, with the following addendum to each charge, exhibiting the action of the court in his refusal:

"The foregoing charge having been by me examined before the submission of the general charge, and the same having been by the court refused, the defendant then and there excepted in open court to the refusal to give such special charge, and here tenders his bill of exceptions, which is by the court examined and approved.
"[Signed] C. H. Rowland, County Judge."

The point is made that the instruments do not constitute bills of exceptions within the requirements of the decisions and the statutes, not being in the form of bills of exception and not shown to have been submitted to the opposite party as required in bills of exceptions; and that they do not contain any showing that the objections of appellant were presented to the court at the conclusion of the evidence and before the argument of the cause to the jury.

The appellee cites the case of Mutual Life Insurance Company v. Rhoderick, 164 S. W. 1068, as decisive in this case on some of the questions involved. There is a misconception of the holdings as applied to the record in that case. The document of the pleader in that case did contain the exceptions and objections, with the further declaration that they were presented in open court prior to the reading of the main charge. The action of the court in that instance was manifested only by the word "refused." It was said:

"It is true in this instance the paper embodying the objections stated that the appellant presented the same prior to the reading of the main charge to the jury, and fully stated that the objections were overruled, and that the defendant excepted thereto in open court. The only action, however, manifested by the trial judge, is the refusal of the objections, and it is clear that this could not be construed as a bill of exceptions, and, for aught this court may know, the refusal may be predicated upon the fact that the objections were tendered after the charge was read to the jury."

In that case there was no approval by the trial court of the recitations in the pleading mentioned as statements of fact; simply a refusal.

In this case the trial judge approves a statement of fact to the effect that the objections and exceptions were presented before the main charge was read to the jury, and, taking the instruments as a whole, we think they are sufficient to constitute proper exceptions, as well as a bill of exceptions. No form of words is necessary for a bill of exceptions, and if the written statement of the objections to the decision of the court, made by a party to the cause, is properly certified to by the judge who makes the decision, and if sufficient matter is contained to show the relevancy and bearing as to the point presented, the higher court will review an alleged error brought forward.

As to the objections made by appellant to the main charge, and excepted to in this proceeding by the appellee in its motion, the case of Railway Company v. Dickey, 187 S. W. 184, by the Supreme Court, we think is sufficient.

However, the objections made by appellant to special charge No. 2, requested by appellee and given by the court, are insufficiently presented in the transcript to meet the requirements of the statute, and to that extent the motion of appellee is sustained.

Sustained in part, and overruled in part..