**SELZ SCHWAB & CO. v. SMITH.**

No. 10873.

Court of Civil Appeals of Texas. Dallas.

Oct. 17, 1931.

Rehearing Denied Dec. 19, 1931.

Carter & Berwald, of Dallas, for appellant.

W. M. Pierson, of Dallas, for appellee.

VAUGHAN, J.

This suit was instituted by appellee against appellant, a private corporation, to recover the sum of $945.25, comprising the following items: Balance due on salary $600, on commissions $300, for expenses advanced for appellant $41.25, and for sale of snaps $4; that excepting the item of $4, appellee's demands are founded upon the following terms of the contract executed by appellant as first party, and appellee as second party, of date July 31, 1925, viz.:

"Said second party in consideration of the compensation to be paid him by said first

party as hereinafter provided, hereby agrees to enter its employ for a period of One Year beginning on the first day of August 1925 and ending on the thirty-first day of July 1926, and said second party hereby further agrees that he will, during the term of such employment, devote his entire time and best energies and attention to the furtherance of the best interests of the business of said first party, and to its entire satisfaction, and further than in addition to said second party's principal duties, hereunder, which it is agreed are to be those of a solicitor of orders for said first party, said second party will faithfully and to the entire satisfaction of said first party, perform such other services as may be required of him by said first party.

"Said second party further agrees while engaged in the performance of his duties as such solicitor, he will travel in such territory, visit such places and solicit such trade as he may be directed to do by said first party, and remain in said territory as long as may be deemed necessary by said first party.

"Said first party hereby agrees to and does employ said second party for said period of time above mentioned, and hereby agrees that it will pay to said second party for all services of said second party hereunder a commission of three (3) per cent, on all shipments as hereinafter defined, made by said first party for which second party is entitled to credit, payments to be made after the goods shall have been delivered By Selz, Schwab & Co., to and accepted by the customer, and said first party hereby agrees in addition thereto to pay said second party his reasonable traveling expenses while he is actually traveling for said first party performing the duties of such solicitor of orders hereunder. * * *"

As to the item of $300, claimed as commissions, no further reference thereto will be made, as the trial court properly adjudicated that issue adversely to appellee, and of which no complaint is made. In so far as the items of $41.25 and $4, it is only necessary to state that same were properly pleaded, and that only the disposition made thereof will be reviewed. Appellee, as to the item of $600, claimed as balance due on salary, in part alleged: "That at the time of the written agreement hereinbefore referred to and as a supplemental agreement made by and between said plaintiff and defendant the plaintiff agreed with defendant that defendant would pay plaintiff a salary of $200 per month * * * ; that under the terms of said agreement plaintiff became entitled to said salary of $200 per month beginning with August 1, 1925 and ending with July 31, 1926; that plaintiff duly performed his services to defendant under said agreement and acted as solicitor for defendant and made sales and in all respects complied with the terms and conditions of said agreement, which was that plaintiff would represent the defendant as set out in the written contract hereinabove quoted during the term of same."

Appellee further alleged that appellant paid him said salary for the months of July 31, 1925, to April 30, 1926, inclusive, but failed and refused to pay his salary for the months of May, June, and July of 1926. Appellant pleaded the following defenses to the $600 claimed as salary, viz.: (1) A general denial; (2) want of consideration for the making of the supplemental agreement alleged by appellee to have been made with appellant for the additional compensation of $200 per month to be paid appellee for his services, as contracted by him to be performed by appellant under the written contract declared upon, "for the reason that the services called for by such purported supplemental agreement had already been covered by the written contract dated July 31, 1925, which contract was declared upon by plaintiff in his said Second Amended Original Petition."

By way of cross-action, appellant sought to recover against appellee on three demands, of which it is only necessary to review one, viz.: "That on or about the 31st day of August A. D. 1922, defendant advanced original expense money to plaintiff in the sum of $100.00, that said expense money was advanced to plaintiff upon the written understanding that the same was to mature and become a debt to defendant from plaintiff upon demand by defendant; that a demand was made by defendant on or about the 1st day of June A. D. 1926; that plaintiff has failed and refused to pay said debt or any part thereof and still refuses to do so to defendant's damage in the sum of $125.00."

To this cross-action, appellee pleaded (1) a general denial, (2) statute of limitation of two years, and (3) payment.

This was a nonjury case, and judgment was rendered for appellee for the sum of $769.43, being principal of $645.25 and interest of $124.18, from January 1, 1927, to March 15, 1930.

At this juncture, it is well to dispose of the jurisdictional question presented by appellee, based upon the fact that appellant's supersedeas bond was filed 21 days after its motion for a new trial was overruled, viz.: (a) There is nothing in the record to show that the appellant is a nonresident; and, in the absence of affirmative showing that appellant is a nonresident, it would come within the 20-day rule requiring a supersedeas bond to be filed within 20 days after the overruling of its motion for a new trial; (b) there is nothing in the record to show that the term of the trial court extended over eight weeks; and, in the absence of such affirmative showing, the appeal bond should have been filed within 20 days. We believe the following statements from the record sufficient to

dispose of said contentions adversely to appellee, viz.: (1) The caption to the transcript affirmatively states that the term of the trial court during which this cause was heard "begun on the 3rd day of March A. D. 1930 and ended on the 3rd day of May A. D. 1930," therefore extended for more than eight weeks; (2) appellee, in his second amended original petition, alleged that appellant "was a private foreign corporation, duly incorporated and existing under and by virtue of the laws of the State of Illinois." We therefore overrule said jurisdictional question.

■ By his first counter proposition, appellee contends that appellant had "filed no bills of exception"; therefore only fundamental errors should be reviewed. Appellant's exceptions to the rulings of the trial court objected to were reserved in the statement of facts, and no one involved the exclusion of evidence; furthermore, "the matters complaining of the objections, the court's rulings, and exceptions thereto, clearly appear of record in said statement of facts, in answer and question form." Therefore appellant's assignments of error based upon such bills of exception, the statement of facts having been duly agreed to and signed by the attorneys for appellant and appellee as being correct and so approved by the trial judge, and filed in due order and time, should be considered. Article 2237, R. S. 1925, as amended by Acts 1931, 42d Legislature, c. 135, p. 229, by adding to said article § 2a (Vernon's Ann. Civ. St. art. 2237 § 2a); Howard v. Houston, 59 Tex. 76; G., C. & S. F. Ry. Co. v. Eddins, 60 Tex. 656; Stephens v. Herron, 99 Tex. 63, 87 S. W. 326, 328; Texarkana & Ft. Smith R. Co. v. Rosebrook-Josey Co., 52 Tex. Civ. App. 156, 114 S. W. 436; Ware v. Perkins (Tex. Civ. App.) 178 S. W. 846; Chicago, R. I. & G. Co. v. Whorton (Tex. Civ. App.) 188 S. W. 949. Said counter proposition is therefore overruled.

■■ The record affirmatively discloses that on August 3, 1922, by the following demand note of that date, viz.: "Chicago, Illinois. 8/3/22. Received of Selz Schwab & Company the sum of One Hundred and no/100 Dollars as an advance to the undersigned to be used for traveling expenses in connection with the sale of goods for said Selz Schwab & Company and not to be used for any other purpose and to be repaid in full to said Selz Schwab & Company on demand. (Signed) M. L. Smith," appellee became indebted to appellant in the sum of $100, payable on demand; that same remained a valid and existing obligation in favor of appellant up to August 3, 1926; that during the period of time from July 31, 1925, to July 31, 1926, appellant became indebted to appellee on account of money advanced by appellee to cover expenses payable by appellant in the sum of $41.25, and on account of sales of snaps made by appellee in the sum of $4.

The trial court included said sums, aggregating $41.25, in the judgment for appellee, refusing to hold that same had been extinguished or absorbed by said indebtedness of $100 so due to and held by appellant at the time said sums accrued to appellee, on the ground that said demand note was barred by limitation at the time it was asserted by defendant in this case. We think this was error. Appellee only pleaded as against said demand note the two years' limitation statute; therefore only the issue presented by said plea was whether or not said note became barred after the expiration of two years from its maturity, and not whether or not said note was barred under the statute of limitation of four years. Article 5540, R. S. 1925. Davidson v. Wright et ux. (Tex. Civ. App.) 233 S. W. 108. Plaintiff's cross-action was for a debt evidenced by, and founded upon, a contract in writing; therefore was only subject to the four years' statute of limitation. Art. 5527, R. S. 1925. Sublett v. McKinney, 19 Tex. 438; Walters v. G., H. & S. A. R. R. Co., 1 White & W. Civ. Cas. Ct. App. § 753; Page v. Payne, 41 Tex. 143; Laredo Electric Light & Machine Co. v. United States Electric Lighting Co. (Tex. Civ. App.) 26 S. W. 310; Willard v. Guttman (Tex. Civ. App.) 43 S. W. 901. That statute not having been pleaded by appellee, the court erred in holding that same was barred by limitation, although the proof established the fact that same was barred by the statute of four years, in that his cross-action was not commenced and prosecuted within four years after appellant's cause of action accrued upon said note.

We are clearly of the opinion that the facts surrounding the execution of the demand note by appellee to appellant, and the accrual of the items of $41.25 and $4 in favor of appellee, bring this case within the following language used by Judge Lipscomb, in the case of Hall v. Hodge, 2 Tex. 328, viz.: "It will be found, on looking into the evidence, that at the time of the accrual of the account of the plaintiff, on which he instituted his suit, the account of the defendant offered, as a set-off, was not barred by the lapse of two years, the time prescribed by the 1st Section of the Statute of Limitations for open accounts; and although not an account between merchant and merchant, it may be considered, between the parties, as an account current; and in such cases, it is universally considered, that one account is to balance, or extinguish the other, as far as it goes. At Common Law, one could be given in evidence under the plea of non-assumpsit, in an action of assumpsit brought on the other. If this is a correct rule, then at the date of the accrual of the plaintiff's account, the defendant's account, if not then barred by the Statute, would be applied to the extinguish-

ment of the plaintiff's debt, and in this way the plaintiff's account would, to that extent, be extinguished before the bar had interposed. This is believed to be a fair exposition of the law, where there are mutual outstanding, open accounts. * * * If the defendant's account had been barred before the accrual of the plaintiff's, the presumption of one balancing the other could not arise. This not being the fact in the case at bar, it is the opinion of this court, the Statute did not bar it when offered in evidence."

In effect, the general rule above announced is reaffirmed in the following: Crook & Adriance v. McGreal, 3 Tex. 487; Holliman v. Rogers, 6 Tex. 91; Campbell v. Park, 11 Tex. Civ. App. 455, 33 S. W. 754; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629.

Therefore said indebtedness of $45.25, asserted by appellee, should have been held by the court to have been discharged or extinguished as a credit upon said sum of $100, even though as a matter of fact it had been legally established that the same was barred by the statute of limitation of four years at the time it was asserted by appellant in this cause.

■ Appellant by its second and third propositions complained of the admission of certain testimony of appellee, viz., "It was my understanding that I would have the salary of Two Hundred Dollars per month in addition to the compensation given me under the terms of the written contract. The conversation that I had with Mr. Selz took place in his private office in Chicago and there was present during that conference, in addition to Mr. Selz and myself, Mr. Martin, the District Manager at Dallas, Texas. Right after that conversation the written contract was prepared and signed up. * * * I have had an arrangement calling for a flat salary of Two Hundred Dollars per month plus the compensation called for on the basis of commissions by written contract ever since I have been with the company," on the grounds "that first, the same is an attempt to elicit testimony which will be in violation of the parol evidence rule for the reason that the same purports to vary the terms of the written contract which contract is complete on its face, and second, for the reason that the written contract by its terms provides that the plaintiff shall devote his entire time and attention to the best interests of the defendant and provides that the compensation named in the written contract will compensate plaintiff for all of his services while employed by the defendant, and consequently, any other arrangement other than stipulated in the written contract would not have been supported by consideration, therefore, such testimony would be inadmissible."

Appellee did not contend that the language of the written contract declared upon, fixing the term of his employment, the character of service to be performed, and compensation to be paid therefor by appellant, was included therein through fraud, accident, or mistake, or that any portion of said contract was of doubtful or uncertain meaning in any respect; but to the contrary, limited his right to recover the sum sued for as salary to the proposition that prior to and at the time of the execution of said written contract, being in every respect on its face clear, full and complete in its terms, an oral agreement was entered into providing for additional compensation to be paid to him (appellee) by appellant for the identical services in every respect. This evidence was clearly inadmissible as being in violation of the well-recognized rule of evidence prohibiting the admission of oral testimony that would have the effect to vary, contradict, alter, or change, by adding to, or taking from, the terms or the plain meaning of a written contract, such as is involved in and circumstanced by the pleadings in this case. 22 C. J. 1098, § 1459, gives a clear statement of the rule in its general application, and is as follows: "Contracts—(1) General Rule. The most usual application of the parol evidence rule is with respect to contracts, as to which it is established that in the absence of fraud or mistake parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of the written instrument by showing the intentions of the parties or their real agreement with reference to the subject matter to have been different from what is expressed in the writing; for where the parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or intent of their engagement, all previous negotiations and agreements with reference to the subject matter are presumed to have been merged in the written contract, and the whole engagement of the parties and the extent of their undertaking is presumed to have been reduced to writing." Montgomery v. Aetna Life Ins. Co., 97 F. 913 (C. C. A. 6 Cir.); White Ward & Erwin v. Hager, 112 Tex. 516, 248 S. W. 319; Harper et al. v. Lott Town & Improvement Co. (Tex. Com. App.) 228 S. W. 188; San Antonio Machine & Supply Co. v. Allen (Tex. Civ. App.) 268 S. W. 532.

We therefore hold that the court below erred in admitting said evidence and in considering same for any purpose, in that it violated the above rule of parol evidence, and the oral contract sought to be established thereby was shown by the evidence of appellee to have been without any consideration in support of same. Therefore the judgment of the trial court is reversed, and judgment rendered that appellee take nothing by his suit against appellant.

Reversed and rendered.