**HARNEY, Sheriff, v. WOOD, District Judge, et al.**

No. 14532.

Court of Civil Appeals of Texas. San Antonio.

March 18, 1942.

B. D. Tarlton and James B. Hubbard, both of Corpus Christi, for petitioner.

Gerald C. Mann, Edgar Pfeil, Wm. J. Fanning, Benjamin Woodall, and Ocie Speer, all of Austin, for respondent.

PER CURIAM.

This is an application by John B. Harney, Sheriff of Nueces County, Texas, seeking the issuance of a writ of prohibition by this Court, prohibiting the Honorable Allen Wood, Judge of the 94th District Court of Nueces County, from hearing and determining a proceeding brought by Honorable Gerald C. Mann, as Attorney General of Texas, upon the relation of several citizens of Nueces County, having for its purpose the removal of John B. Harney from the office of Sheriff of Nueces County.

The "Writ of Prohibition" is sought upon two grounds, to-wit:

First. Because Honorable Allen Wood, as Judge of the 94th District Court of Nueces County, is without jurisdiction to hear and determine this proceeding, such 94th District Court allegedly being a special court and not a regular District Court.

Second. Because Honorable Gerald C. Mann, as Attorney General of Texas, has no authority under the law to institute and maintain such a proceeding.

This Court is without jurisdiction to issue the writ prayed for upon the grounds alleged. In this State, Courts of Civil Appeals are without jurisdiction to issue extraordinary writs, except in aid of or to enforce their appellate jurisdiction, as authorized by Article 1823, Vernon's Ann. Civ.Stats., and to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, as authorized by Article 1824, Vernon's Ann.Civ.Stats. Yantis v. McCallum, Judge, Tex.Civ.App., 121 S.W.2d 610; Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172; 33 Tex. Jur. p. 928; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577; Staples, Secretary of State, v. State, Tex.Civ.App., 244 S.W. 1068.

Relator relies strongly upon the case of City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663. It is true that the Supreme Court there held that the Court of Civil Appeals did have the jurisdiction to grant the "writ of prohibition" which it had granted, but it further appears, and especially by reading the Court of Civil Appeals' opinion, found in 262 S.W. 215, that the Court of Civil Appeals granted such writ to prevent an interference with its own proper jurisdiction.

Relator's petition does not show that our jurisdiction will be entrenched upon or interfered with in any way by the proceedings now being had in the 94th District Court of Nueces County. Not having jurisdiction to issue the writ of prohibition prayed for, we are without power to pass upon the other questions presented.

The petition for a writ of prohibition will be denied.