**WELCH et al. v. BROCK.**

No. 11626.

Court of Civil Appeals of Texas.
San Antonio.
July 3, 1946.

Rehearing Denied July 31, 1946.

T. H. Burruss, of Corpus Christi, for appellants.

Sidney P. Chandler and J. B. Trimble, both of Corpus Christi, for appellee.

NORVELL, Justice.

This is a suit for partition of real property brought by C. V. Brock against J. L. Welch, J. E. McCord and H. H. Edwards. Defendants have appealed.

Trial was to a jury which found in answer to thirteen special issues that:

(1) On or about December 13, 1928, it was agreed between all parties to the suit that they then and would thereafter own Lots 7 to 37, inclusive, in Block "C", Lots 17, 44, 45, 48, 49, 50 and 51, in Block "B", and Lots 1 to 5, inclusive, and 34 to 38, inclusive, in Block "A", and Lots 7, 8 and 9 in Block 6, all in Bonita Addition to the City of Corpus Christi, Texas, together as joint owners, each to have an undivided one-fourth interest in the property.

(2) On or about October 12, 1932, the parties by exchange of other property owned by them acquired Lot 6 in Block 2, Southmoreland Addition to Corpus Christi, and Lot 18, Block 3, Bay View Addition No. 3 to Corpus Christi.

(3 and 4) Welch and Edwards had converted to their own use Lots 7, 8 and 9, Block 6, of the Bonita Subdivision, and also

(5 and 6) Lot 6, Block 2, of the Southmoreland Addition, and

(7 and 8) Lot 18, Block 3, Bay View Addition No. 3.

(9) Lots 7, 8 and 9, Block 6, Bonita Addition had a value at the time of the trial of $100 per front foot; Lot 6, Block 2, Southmoreland Addition had a value of $750; and Lot 18, Block 3, Bay View Addition No. 3, had a value of $500.

(10) C. V. Brock, as trustee, and succeeding said Brock, J. L. Welch, as trustee, held the legal title to the lots in question for the purpose of paying the purchase price and costs of improvements thereon out of sales by said trustee to the extent of the sales made and for the benefit of each of the parties to the extent of one-fourth of said property by the payment and upon the payment of each of one-fourth the cost of said property which remained unpaid after such sales.

(11) C. V. Brock used all the funds that came into his hands as trustee for the purpose of paying for the improvements to the property in question and on the purchase money thereof, and in addition also paid, individually, his one-fourth of the cost of the property which remained unpaid after the application of such funds that came into his hands as trustee, and after the deduction of the funds that came into the hands of J. L. Welch as trustee.

(12) C. V. Brock completed his said payments on December 16, 1931.

(13) C. V. Brock did not have notice from appellants during the month of March, 1936, that said appellants were contending that Brock had not made his payments upon his part of the purchase price, and consequently appellants were asserting that unless Brock paid up, he would have no interest in the property. (Numbers in parenthesis refer to Special Issue numbers.)

Upon these findings, the trial court rendered a personal judgment in favor of Brock and against Welch and Edwards for $2,187.50—one fourth of the value of the lots which the jury found were converted by Welch and Edwards, and ordered a foreclosure of a lien against the interest of Welch and Edwards in the property sought to be partitioned in order to enforce payment of this amount to Brock.

The Court further appointed Commissioners of Partition and, subject to the lien above mentioned, ordered a partition of the property described in the jury's first finding (except Lots 7, 8 and 9, Block 6) between the parties, each to receive one-fourth thereof.

Appellants contend that the trial court erred in overruling appellants' motions for an instructed verdict and for judgment non obstante veredicto.

The various arguments advanced are primarily based upon the premise that Brock

was delinquent in his payments of one-fourth of the purchase price and expenses.

■ In our opinion, the jury's finding as to the existence of the oral agreement which gave rise to the various rights of the parties in and to the property involved has support in the evidence. In fact, the existence and terms of the agreement are hardly disputed.

It clearly appears that originally Brock, Edwards and McCord went into a joint venture to purchase real estate. They borrowed money from a Corpus Christi Bank for this purpose. The legal title was conveyed to Brock subject to a vendor's lien. Later Welch came into the transaction and it was converted into a four-way deal. Some dissatisfaction developed with Brock's handling of the property as trustee, with the result that he conveyed the property to Welch, who thereafter acted as trustee.

From time to time the parties made partial payments and renewed the note to the bank which was secured by a deed of trust lien. In 1936, the balance of this note was about $800. Welch, Edwards and McCord considered that this amount was owed by Brock. One or more of them paid the balance owing to the bank, but secured an assignment rather than a release of the note. Welch, as trustee, then executed a deed of trust to H. S. Guy, trustee, to secure the payment of a note for $885 payable to H. H. Edwards and J. L. Welch. This deed of trust recited that the note secured thereby was "given in renewal of the balance due and owing" upon the note originally held by the bank. This deed of trust was foreclosed by trustee's sale on July 7, 1936, and the property purchased by C. R. Young, trustee, who was admittedly acting for Welch, Edwards and McCord. .

■ As above pointed out, the jury found that Brock had paid all of his part of the obligations owing upon the joint venture and owed nothing in 1936. Much of the evidence taken in the trial court related to various transactions and accounts of the members of the joint venture particularly Brock's accounting of receipts and expenditures while acting as trustee. According to Brock, he had paid all that he was obli-

gated to pay under the original agreement. He testified that some of these payments were made in cash and consequently were unsupported by written evidence. In view of the period of time over which these various transactions extended, there is some uncertainty with reference to the exact standing of accounts between the parties, but we can not say that the jury's finding that Brock had paid his proportionate part is unsupported by any evidence.

■ In view of the jury's findings, the purported trustee's sale of July 7, 1936, did not operate to divest Brock of his interest in the property. If Brock did not owe the indebtedness represented by the note which was the basis of the foreclosure, then it follows that either there was no actual existing unpaid indebtedness against the property, insofar as the parties to this suit are concerned, or that said unpaid indebtedness was owed by parties other than Brock. In any event, the trustee or agent acting for Welch, Edwards and McCord, in purchasing the property at the purported foreclosure sale, took title to the property burdened with Brock's interest therein. D. Sullivan & Co. v. Ramsey, Tex.Civ. App., 155 S.W. 580; Sullivan v. Fant, Tex. Civ.App., 160 S.W. 612.

■ Brock's title or interest is based upon the original agreement whereby the parties agreed to acquire the property for the joint benefit. The mere fact that Brock may have, at one time or another, been delinquent in payments due under the agreement would not ipso facto cause his interest in the property to terminate or be destroyed. The agreement as found by the jury does not contain a provision to that effect. In attempting to prove that he had fully paid his accrued obligations at the time of the foreclosure sale of July 7, 1936, Brock was not barred by limitation from proving any item of credit to which he was justly entitled. The statutes of limitation do not preclude a person from proving an item of payment made upon an account, two or four years prior to the time it is contended that a foreclosure for an unpaid balance of said account took place.

The effect of the jury's findings was that, in 1936, Brock did not owe any money

upon the contract involved and was not delinquent in the performance of any of the obligations imposed upon him thereby. It follows that Welch (as trustee and individually), Edwards and McCord can not successfully contend that Brock's title or interest in the property was foreclosed by the purported trustee's sale of July 7, 1936.

We hold that the trial court did not err in overruling appellants' motion for an instructed verdict or appellants' motion for judgment non obstante veredicto. Appellants' first, second, third, fourth, eighth and ninth points are overruled.

We are also of the opinion that no reversible error is disclosed by appellants' seventh point which relates to the admission of certain testimony of C. H. Grett, who had been appointed by the court to make an audit of the accounts of the joint venture. No audit was completed and appellee was attempting to show that he was not responsible for this failure.

We are, however, of the opinion that appellants' objection to the rendition of a money judgment against H. H. Edwards and J. L. Welch is well taken.

Appellee sought relief primarily by way of partition. If by partition he can be awarded all the relief he is justly entitled to receive, the award of a money judgment would be wholly unnecessary.

From the record before us, we are unable to ascertain the basis of the order which directs a partition of the property as between Welch, Edwards and McCord. These parties made common cause in this suit and were represented by the same counsel. They did not file separate pleadings, and they did not pray for a partition as among themselves. The fact that the trial court did order such a partition does not in any way change the legal situation involved. Brock sued to have his one-fourth interest set aside to him. Equities as between Welch, Edwards and McCord were not at issue. For all this Court knows these parties are capable of and willing to adjust any equities that may exist among themselves by contract and court action is unnecessary. Certainly Brock is in no position to demand that the appellants, as among themselves, should divide up the property. 32 Tex.Jur. 168, § 22.

When we give effect to the jury's findings above discussed, it will be seen that the appellants or their agent and trustee sold and conveyed to certain persons the following real property: Lots 7, 8, 9, Block 6, of the Bonita Addition, Lot 6, Block 2, of the Southmoreland Addition, and Lot 18, Block 3, of the Bay View Addition No. 3. These conveyances are the basis of the jury's "conversion" finding. Appellants did not account to Brock for his one-fourth interest in these lots. However, these conveyances were made on behalf of and authorized by persons who were tenants in common of the property. Consequently, the grantees named therein acquired an equity to have these lots set aside to them upon partition.

It seems to be conceded that these grantees were innocent purchasers for value and were not made parties to the suit. They were not necessary parties. New York and Texas Land Co. v. Hyland, 8 Tex.Civ.App. 601, 28 S.W. 206. Nevertheless, appellants in partition are chargeable with the value of the lots which they conveyed to other persons.

"Where parties are joint owners of several tracts of land, and one of them sells off some of them, the court would be authorized to partition to him such parts so sold, if it could be equitably done, and thus protect his vendees in their title and possession." Findlay v. State, 113 Tex. 30, 250 S.W. 651, 655.

"The general rule that a sale by one tenant in common of a distinct part of a larger tract of land will be protected, and the part so sold set apart to the vendee when it does not exceed the share to which the co-tenant vendor was entitled, ought to be enforced in this case if, under the general rules applicable to such cases, this can be done without prejudice to other persons. This is the only manner in which the equities existing between the parties can be fairly adjusted." Peak v. Swindle, 68 Tex. 242, 4 S.W. 478, 482.

Since the uncontradicted evidence shows that there remain lands unsold and subject

to partition which are amply sufficient to satisfy Brock's claims under the jury's findings without the necessity of awarding to him a money judgment, we sustain appellants' fifth and sixth points.

The judgment of the trial court is reversed and the cause remanded to the trial court for rendition of judgment in accordance with the following directions:

The District Court is directed to enter a judgment of partition relating to the following described lands:

Lots 7 to 37, both inclusive, in Block "C", Lots 17, 44, 45, 48, 49, 50 and 51, in Block "B", and Lots 1 to 5, both inclusive, and Lots 34 to 38, both inclusive, in Block "A", all in Bonita Addition to the City of Corpus Christi, Texas, according to the replat of said addition of record in the office of the County Clerk of Nueces County, Texas.

Said court is further directed to appoint qualified commissioners of partition to make a fair, equal, just and impartial partition of said lands between appellee, C. V. Brock, on one hand, and appellants, J. L. Welch, J. E. McCord and H. H. Edwards, on the other hand.

Said court is further directed to instruct said commissioners to place a fair and just value upon said lots hereinabove described which we may designate as the "unsold lots."

Said court is further directed to instruct said commissioners to also place a fair and just value upon the "sold lots," namely, Lots Nos. 7, 8, 9, in Block No. 6, Bonita Addition to the City of Corpus Christi; Lot No. 6, Block No. 2, Southmoreland Addition to the City of Corpus Christi; and Lot No. 18, Block No. 3, Bay View Addition No. 3, to the City of Corpus Christi; said value to be determined by the commissioners exclusive of improvements, if any, placed thereon by the purchasers from appellants or their agent or trustee, and upon the same basis as that taken for arriving at a value of the "unsold lots" herein ordered partitioned.

Said court is further directed to instruct said commissioners to set aside to C. V. Brock, out of the lands ordered partitioned (the unsold lots), a tract or tracts of land which shall be equal in value to one-fourth of the total value of the "sold lots" and the "unsold lots," and to set aside the balance of the lots ordered partitioned (the unsold lots) to appellants, J. L. Welch, J. E. McCord and H. H. Edwards.

Costs of appeal are taxed against appellee. Costs in the District Court will be taxed against appellants.

Reversed and remanded with directions to enter judgment.