## BROCK v. BRIGGS, District Judge, et al.

No. 16042.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 12, 1949.

Sidney P. Chandler, Austin, for appellant.

T. H. Burruss, Corpus Christi, I. M. Singer, Corpus Christi, Farrell Dee Smith, Corpus Christi, for appellees.

NORVELL, Justice.

C. V. Brock has filed this, his second, application for a writ of mandamus directing the Honorable C. W. Briggs, Judge of the District Court of Nueces County, 117th Judicial District, to proceed with the rendition of judgment in Cause No. 20978–B on the docket of said court, in accordance with the directions and mandate of this Court issued in Cause No. 11626 (on the docket of this Court) styled Welch et al. v. Brock, See opinion, Tex.Civ.App., 195 S.W.2d 940.

Brock brought suit in the District Court of Nueces County, 117th Judicial District (Cause No. 20978–B) upon the theory that he and defendants J. L. Welch, J. E. McCord and H. H. Edwards, as members of a joint venture, had acquired certain city lots in an addition to the City of Corpus Christi, Texas, and that certain of the lands had been sold and no accounting made to him of the proceeds, while certain other lots remained unsold and were subject to partition. The case was tried by Hon. Tillman Smith, sitting as a special judge. A judgment, based upon special issue jury findings,

awarded Brock the sum of $2,187.50 for his one-fourth interest in the lots which had been sold, and directed that the lots remaining on hand be partitioned among the parties.

Welch, Edwards and McCord appealed to this Court and we sustained their contention that the money judgment rendered by the trial court was improper, as it appeared that the lots remaining unsold were sufficient to satisfy Brock's claim. The judgment of the trial court was reversed and the cause remanded to the trial court for rendition of judgment in accordance with the following directions:

"The District Court is directed to enter a judgment of partition relating to the following described lands:

"Lots 7 to 37, both inclusive, in Block 'C' Lots 17, 44, 45, 48, 49, 50 and 51, in Block 'B', and Lots 1 to 5, both inclusive, and Lots 34 to 38, both inclusive, in Block 'A', all in Bonita Addition to the City of Corpus Christi, Texas, according to the replat of said addition of record in the office of the County Clerk of Nueces County, Texas.

"Said court is further directed to appoint qualified commissioners of partition to make a fair, equal, just and impartial partition of said lands between appellee, C. V. Brock, on one hand, and appellants, J. L. Welch, J. E. McCord and H. H. Edwards, on the other hand.

"Said court is further directed to instruct said commissioners to place a fair and just value upon said lots hereinabove described which we may designate as the 'unsold lots.'

"Said court is further directed to instruct said commissioners to also place a fair and just value upon the 'sold lots,' namely, Lots Nos. 7, 8, 9 in Block No. 6, Bonita Addition to the City of Corpus Christi; Lot No. 6, Block No. 2, Southmoreland Addition to the City of Corpus Christi; and Lot No. 18, Block No. 3, Bay View Addition No. 3, to the City of Corpus Christi; said value to be determined by the commissioners exclusive of improvements, if any, placed thereon by the purchasers from appellants or their agent or trustee, and upon the same basis as that taken for arriving at a value of the 'unsold lots' herein ordered partitioned.

"Said court is further directed to instruct said commissioners to set aside to C. V. Brock, out of the lands ordered partitioned (the unsold lots), a tract or tracts of land which shall be equal in value to one-fourth of the total value of the 'sold lots' and the 'unsold lots,' and to set aside the balance of the lots ordered partitioned (the unsold lots) to appellants, J. L. Welch, J. E. McCord and H. H. Edwards."

For a more detailed statement of the facts and issues involved, we refer to our opinion which is published in 195 S.W.2d 940.

Welch, McCord and Edwards made application for writ of error to the Supreme Court of Texas, which was refused n. r. e. The mandate of this Court was thereupon issued and filed with the Clerk of the District Court in July of 1947. On September 3, 1948, the District Court entered a judgment in the case which recited the instructions of this Court and appointed three commissioners of partition. J. L. Welch having died, his heirs were made parties to the suit and were parties to this judgment. The commissioners filed an original report on February 1, 1949, which was amended on April 20, 1949. The value placed upon the lots originally owned by Brock, Welch, McCord and Edwards (the sold and unsold lots) was $41,820. The commissioners set aside to C. V. Brock certain unsold lots which they valued at the sum of $10,470.

The District Judge has not acted upon the commissioners' report.

On June 28, 1949, Brock filed an application for writ of mandamus in this Court. The District Judge filed an answer to the petition in which he stated that he intended to proceed with all reasonable dispatch to conclude the matter. The application for mandamus was dismissed by us on July 13, 1949, one of the bases for the denial being the statement of the District Judge above mentioned.

It appears from the answers of the District Judge and respondents, H. H. Edwards and the heirs of J. L. Welch, to the present application that a hearing was had in the

district court on July 29, 1949, but that the Judge neither approved nor disapproved the commissioners' report. The District Judge took the position that it was necessary for him to dispose of certain motions filed in the case by Edwards and the Welch heirs before he could enter an order upon the commissioners' report. A postponement was ordered so that service of notice might be completed upon the motions filed.

The position taken by Edwards and the Welch heirs before this Court is that although these motions may have been docketed irregularly, they are in substance bills of review, that is, direct equitable attacks seeking to set aside the judgment which this Court ordered rendered in the case. These respondents contend that it would be an idle thing to proceed to carry out this Court's directions when ultimately the judgment would have to be set aside upon their direct attack.

■ Our jurisdiction to issue extraordinary legal writs is restricted to those which are necessary to enforce the jurisdiction of this Court. Article V, Section 6, Constitution of Texas; Article 1823, Vernon's Ann.Civ.Stats.; Harney v. Wood, Tex.Civ. App., 160 S.W.2d 315.

The question presented is whether or not the delay of the District Judge in proceeding to carry out the mandate of this Court constitutes an interference with the decrees and judgment of this Court. We think it apparent that it does. The judgment of this Court and the directions contained therein are peremptory in nature.

■ A bill of review of the kind here involved is an independent suit in equity controlled by rules peculiar to this type of litigation. 25 Tex.Jur. 584–586, §§ 184– 185. The action of the District Judge results in the superseding of the judgment of this Court until he can determine whether or not a judgment which is not as yet complete should be set aside and a different judgment rendered in place thereof. 25 Tex.Jur. 671, § 245.

■ The requirements of orderly procedure demand that the peremptory directions of this Court be carried out without reference to the disposition of the bills of review which, as has been pointed out, are separate and independent suits and should be treated as such. The mere filing of a bill of review should not be permitted to render ineffective the judgment of this Court.

■ In this case, a partition of the unsold lots and the setting aside of a certain proportion thereof to Brock, in accordance with this Court's directions, is the legal device employed to give Brock the relief to which he is entitled under the jury's findings. In partition proceedings two forms of decrees are used, both of which are final in the sense that an appeal will lie therefrom. White v. Mitchell, 60 Tex. 164; Cyphers v. Birdwell, Tex.Civ.App., 32 S.W. 2d 937, wr. ref. It appears that the first decree provided for by Rule 761, Texas Rules Civil Procedure (formerly Article 6087), was entered on September 3, 1948, and that the commissioners have reported. It is the duty of the District Judge to proceed to the disposition of this case in accordance with the directions set forth in the mandate of this Court and the applicable statutory provisions and rules. Article 6100, Vernon's Ann.Civ.Stats., Rule 771, Texas Rules Civil Procedure.

■ As it appears that the District Judge is acting in good faith and under the belief that he was required to dispose of the bills of review before proceeding to a hearing upon the commissioners' report in accordance with the provisions of Rule 771, Texas Rules Civil Procedure, we do not believe the issuance of a writ is necessary at this time, as we anticipate that the respondent District Judge will proceed forthwith to comply with the views herein expressed. In event of failure to so comply, the writ will issue.

We express no opinion as to the merits of the bills of review herein mentioned. These suits are not before us. Costs are taxed against respondents, H. H. Edwards and the heirs of J. L. Welch. Writ of mandamus conditionally granted.

SMITH, C. J., absent.