## Ex parte HOOVER.

No. 12397.

Court of Civil Appeals of Texas. San Antonio.

Jan. 9, 1952.

See, also, 245 S.W.2d 966.

———◆———

Fred H. Woodard, Corpus Christi, for appellant.

John Young, County Atty., Corpus Christi, for appellee.

PER CURIAM.

Annie McGuire Hoover has filed in this court an original petition for writ of habeas corpus claiming that she is illegally restrained of her liberty by John B. Harney, Sheriff of Nueces County, Texas, acting under an order issued by Hon. Paul A. Martineau, Judge of the 28th District Court, holding her in contempt of court.

The contempt proceedings did not arise out of a case in which the appellate jurisdiction of this court was sought to be invoked. Under the constitution, the original jurisdiction of the Courts of Civil Appeals is prescribed by law, that is, by Legislative enactments. Article 5, § 6, Constitution of Texas, Vernon's Ann.St. Article 1823, Vernon's Ann.Civ.Stats., provides that: "Said courts (of civil appeals) and the judges thereof may issue writs of mandamus * * * to enforce the jurisdiction of said courts."

Article 1824, Vernon's Ann.Civ.Stats., while relating to our jurisdiction to issue original writs, has no application to the case here presented. Obviously, the granting of the writ applied for would not aid in the enforcement of the jurisdiction of this court, and it necessarily follows that we are wholly without authority to consider the petition.

The original jurisdiction conferred upon the Supreme Court by the constitution and statutes is much broader than that conferred upon the Courts of Civil Appeals. Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884. Article 1737, Vernon's Ann.Civ.Stats., reads as follows: "Habeas corpus—The Supreme Court or any of the Justices thereof, either in term time or in vacation, may issue writs of habeas corpus in any case where any person is restrained in his liberty by virtue of any order, process or commitment issued by any court or judge on account of the violation of any order, judgment or decree theretofore made, rendered or entered by such court or judge in any civil cause. Said Court or any Justice thereof, either in term time or in vacation, pending the hearing of application for such writ, may admit to bail any person to whom

the writ of habeas corpus may be so granted."

Being without jurisdiction, the petition will be dismissed. Wetz v. Thompson, 26 Tex.Civ.App. 396, 63 S.W. 1050; Yantis v. McCallum, Tex.Civ.App., 121 S.W.2d 610; Harney v. Wood, Tex.Civ.App., 160 S.W.2d 315; 11 Tex.Jur. 910, Courts, § 131.

The petition for writ of habeas corpus is dismissed for want of jurisdiction.