Mark A. TROY, Jr., Appellant,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

No. 18388.

Court of Civil Appeals of Texas, Dallas.

Oct. 10, 1974.

Kenneth A. Herridge, May, Troy & Block, Dallas, for appellant.

John Guittard, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Mark A. Troy, Jr., a member of the State Bar of Texas, brought this action against The Mutual Life Insurance Company of New York (MONY) seeking to recover benefits alleged to be payable to him pursuant to the provisions of a group policy of medical insurance issued by MONY to participating members of the State Bar of Texas. MONY pleaded an equitable recoupment or setoff in an amount equal to Troy's claim by reason of payment of a prior claim of Troy for which there was no liability. Trial was before the court, without a jury, and the facts were stipulated. Judgment was rendered that Troy take nothing. We affirm.

Troy became insured under a health and hospitalization policy issued by MONY, effective October 19, 1967. The policy originally contained an exclusion stating that no benefits would be payable for any loss caused by or contributed to by any disease of the stomach or kidneys. Troy later requested that MONY remove both the stomach and kidney waivers from the policy. After medical review and prior to the two claims involved in this case, MONY agreed to remove the stomach waiver but not the kidney waiver. Troy was hospital-ized for a kidney illness and incurred medical expenses in September and November 1969. Troy then submitted to MONY a policy claim of $1,118.41 under the mistaken belief that MONY had removed both the stomach and kidney exclusion provisions. On December 1, 1969, MONY's employee, through a clerical mistake, paid Troy's claim in full, not observing that the kidney exclusion was still in effect. In October 1970, MONY discovered this mistake and requested Troy to return the December 1969 payment. Troy neither returned nor offered to return that payment. In August 1971 Troy submitted another claim on the policy for the expenses of his stomach illness in the amount of $1,271.32. On September 23, 1971, within two years of the earlier, erroneous payment for the non-insured loss, MONY offset the amount of the prior payment against the later claim and paid Troy the difference of $152.91.

In his five points of error appellant Troy contends that MONY's claim of offset is barred by the two or four-year statutes of limitations. We overrule these points.

Troy takes the position that MONY, not having instituted a suit to recover the 1969 erroneous payment within two years from the date of such payment, could not legally assert such a payment as offset in appellant's suit which was instituted more than two years after the erroneous payment. We cannot agree. A debt may validly be paid without the necessity of antecedent litigation. When MONY subtracted from Troy's second claim the amount of the prior erroneous claim, it satisfied and extinguished its right to have the first amount returned. *See* Holliman v. Rogers, 6 Tex. 91, 97 (1851). "The two debts are reciprocally extinguished as soon as they simultaneously exist." Crook v. McGreal, 3 Tex. 487, 489 (1848).

Having thus extinguished its right, MONY could not thereafter have sued upon it; and the amount of the prior erro-

neous payment can thus be construed as a payment upon the second claim. *See* Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434, 436 (1915). We consider the rule to be established that the statutes of limitation do not preclude a person from proving an item of *payment* made upon a claim. Welch v. Brock, 195 S.W.2d 940, 943 (Tex.Civ.App.—San Antonio 1946, writ ref'd n. r. e.).

In Selz, Schwab & Co. v. Smith, 44 S.W.2d 455 (Tex.Civ.App.—Dallas 1931, writ dism'd), this court rejected contentions similar to those now made by Troy. In that case the plaintiff contracted to be a salesman for the defendant. The suit was for salary and for expenses. Under the contract, the defendant was liable to reimburse the plaintiff for certain expenses. The defendant, by way of cross-action, claimed a credit against the plaintiff for an advance made to the plaintiff to be used for the very expenses that the plaintiff sued upon. The advance to plaintiff was in the form of a note dated August 3, 1922. The expenses sued upon accrued during the period July 31, 1925, to July 31, 1926; and defendant had not reimbursed plaintiff for these expenses. Nor had plaintiff paid defendant the amount of the note as of August 3, 1926, four years after its execution. The trial court included the amount of the expenses in its judgment for the plaintiff, refusing to hold that this amount had been extinguished or absorbed by the amount owed by plaintiff at the time his own claim had *accrued.* The trial court held that the note was barred by limitations at the time it was *asserted* by the defendant in this action. We held that conclusion to be error, reasoning that the defendant's credit was not barred as of the time the plaintiff's claim *accrued. Id.* at 458.

We sustain MONY's counterpoint two. This action renders it unnecessary that we discuss or pass upon the question of the applicability of the four-year statute of limitations.

The judgment of the trial court is affirmed.

GUITTARD, J., not sitting.