## SIMON MUSSINA v. GEORGE GOLDTHWAITE, TRUSTEE, ETC.

1. An intervenor who claims an interest in the subject matter of the suit
   may, by leave of the court, interpose his claim as a defendant, for the
   protection of his interests ; and if there be fraud or collusion between
   the original parties to the suit, whereby his interests may be prejudiced,
   he may allege and prove it, and thereby frustrate any fraudulent pur-
   pose designed to be effectuated by the suit.

2. An individual stockholder in a corporation may maintain an equitable
   action against the directors, for misconduct in office, when the corpora-
   tion itself is unable or, through fraud or collusion, omits to sue ; and
   when the directors are charged with fraud, it is not necessary for the
   stockholder to apply to them for the use of the corporate name in bring-
   ing the suit.

3. If a party states facts in his pleadings, from which, if proved, the court
   must infer fraud as a legal sequence, it is not necessary that he should
   specifically charge fraud.

4. In a suit to foreclose a mortgage given by a stock company to secure certain of its bonds, there was a judgment by default taken against the company, an intervention of an individual stockholder, who denied the validity of the bonds, and charged collusion between the plaintiff and the officers of the company, and a jury empanneled to try the issues between the plaintiff and the intervenor, and also as a jury of inquiry upon the default taken against the company. The verdict was that "we the jury find the material allegations in the petition true;" and the court thereupon decreed foreclosure and sale, directing the proceeds of sale to be first applied to costs, and afterwards to the interest and principal of the bonds, but nowhere adjudging any specific amount in favor of the plaintiff. *Held*, that the judgment is objectionable on the ground of uncertainty, and that there should have been a finding by the jury of the amount due the plaintiff.

APPEAL · from Harris. Tried below before the Hon. James Masterson.

The character of this litigation and its material features are summed up in the opinion of the court. At the trial of the case in the court below, Mussina, the intervenor, put W. R. Baker, the secretary, and B. A. Shepherd, the president of the company, on the witness stand, and proceeded to propound to them questions as to the persons by whom the bonds were held, designating certain directors; and the witness Shepherd was asked whether he was the owner of any of the bonds, and whether the suit had been brought at his request. The plaintiff objected to these questions on the ground of irrelevancy, and the court sustained the objection, to which the intervenor excepted. The verdict and judgment are set forth, substantially, in the head notes.

*W. P. Hamblin*, for the appellant.—The petition of the intervenor sets forth the facts which show that the corporate officers, when only $75,000 of stock had been taken, issued $100,000 of bonds to themselves, or for their own use, when there was no necessity for the issue, and in order to wrong the stockholders whose trustees they were. (McMahan v. Wright, 16 Texas R., 335.)

The testimony of Shepherd, the President of the company, which was sought to be elicited by the intervening stockholder, was improperly and against law excluded.

The questions propounded, in view of the allegations of the stockholder intervening, were not irrelevant.

The judgment being by default, as between the original parties, was collusive, and as it specifies no sum of money and its amount can only be ascertained *aliunde*, is contrary to the statute, and the decisions of the Supreme Court. (Hartley's Digest, §§ 773 and 2503, or Paschal's Digest, 785; Claiborne, *et al.*, v. Tanner's Heirs, 18 Texas R., 68 ; Spiva v. Williams, 20 Texas R., 442; May v. Taylor, administrator, 22 Texas R., 348.)

*Geo. Goldthwaite*, for the appellee.—The right of a party to intervene in a proper case is not denied. An intervenor must take the case as made by the original parties. He cannot change the character of the suit, and cannot make another party. (Sayles's Practice, citing Canaway v. Morgan, 5 Martin, N. S., 499; Walker v. Dunbar, 7 Martin, N. S., 586.)

The proper parties for the purposes of the intervenor's plea are not before the court. If any fraud has been committed the fraudulent parties are not before the court, and the intervenor could not make them parties.

Singly and alone the intervenor, as a stockholder, cannot prosecute such a suit.

It is a general rule in equity, "that all persons materially interested, either legally or beneficially, in the subject matter of the suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice.

.is done, either to the parties before it, or to others who are inter-
.ested in the subject matter by a decree which might otherwise be
grounded upon a partial view only of the real merits." (Story's
:Equity Plead., §§ 72 to 78.)

This is the general rule, and the exception is when the parties
are very numerous, in which case some are permitted to bring suit
· for themselves, and in behalf of all others beneficially interested,
but there must be a fair proportion of those interested before the
·court. (Story's Equity Plead., §§ 130, 135.)

One stockholder of a manufacturing corporation cannot alone
· maintain a bill in equity ·to compel the execution of a trust by ·a
person who has taken a conveyance of the company property in
trust to pay its debts, because he stands in the same right with all
·other stockholders who have a common interest with him in enforc-
ing the trust, and all of whom should be made parties if not too
numerous, or if too numerous the bill should be brought by some
· in behalf of all, so that the rights of all may be duly adjudicated
in the final decree. (Heath v. Elliot, 12 Cushing, 601; Allen v.
Curtis, 26 Conn., 456.)

The intervenor prays, " that upon a hearing said bonds and the
· said deed of trust be declared invalid and not binding on said com-
- pany, and that said George Goldthwaite, trustee, be prohibited from
foreclosing said deed of trust or mortgage made part of his petition,
and attached thereto; that the stockholders be declared and adjudged
the proper owners of the said Houston City Mills Manufacturing
· Company, its property and franchise, free from said pretended in-
cumbrance, and for general relief," etc., and this in a suit in which
·there are no parties before the court except the trustee for the
· bondholders and the corporation, the artificial being, invisible, in-
· tangible, and existing only in contemplation of law, no bondholders
· whose interests are at stake—no stockholders and no directers who
·are charged with fraud.

· · Suppose Simon Mussina, the intervenor in this case, had brought

an original bill in equity against George Goldthwaite, trustee, and the Houston City Mills Manufacturing Company, without being joined in his suit by any other stockholder as plaintiff, and without any other party defendant, praying, as he has prayed, in his plea of intervention, and the said defendants had demurred to his bill, and the demurrer had been sustained ! That this court, on an appeal, would have affirmed the judgment, admits not of a doubt.

Nor can the intervenor find any relief under the remedy he has chosen, for as an intervenor he can make no party, and the plaintiff desires to make none, having before the court the only party necessary for the purposes of his suit.

Now, if the intervenor were without an adequate remedy, he might claim from this court some tender consideration, but his remedy is adequate, ample and complete. Let him file his original bill in equity, and bring before the court the parties who have combined and confederated to wrong, cheat and defraud him, and the court will not turn a deaf ear to his complaint, but grant speedy and impartial justice, with due regard, however, to the rights of all parties who claim an interest in the subject matter of the litigation.

That he has his remedy by original bill is abundantly established by the following authorities : "An individual stockholder may maintain a suit in equity against the directors of a corporation for misconduct in office." (Allen v. Curtis, 26 Conn., 456 ; Schley v. Dixon, 24 Georgia, 273 ; Kean v. Johnson, 1 Stockton, 401 ; Revere v. Boston Copper Company, 15 Pick., 351 ; Brown v. Vandyke, 4 Halstead, 795 ; Brown v. Vandyke, 5 Allen, 230.)

And the raising of money by bonds and mortgage was not an extraordinary proceeding, but usual, and common to every moneyed or manufacturing corporation.

Corporations, together with the express and substantive powers conferred by their charters, take by implication all the reasonable modes of executing such powers which a natural person

may adopt in the exercise of similar powers. (New England Fire and Marine Insurance Company v. Robinson, 25 Ind., 541; Brady v. The Mayor, etc., 1 Barb., 584; Barry v. Merchant's Exchange Company, 1 Sandford's Ch., 280; Madison, etc., v Watertown, etc., 5 Wise, 173; Jackson v. Brown, 5 Wend., 590; Leavitt v. Blatchford, 5 Bard., 9.)

For example : suppose the corporation named in this act had formed a partnership, with articles and stipulations similar to those contained in this charter, and the manager of this partnership, for the purposes of the partnership, had borrowed money and executed the bonds of the company, and hypothecated property to secure the payment of the money so borrowed, would one of the partners be permitted to contest the validity of the transaction? I think not.

The tendency of all the more recent decisions is to put all moneyed and manufacturing corporations on the same footing with individual partnerships in the issuance of bonds and mortgages. (Mercer County v. Hackett, 1 Wallace, 83; Woods v. Lawrence & Co., 1 Black, 386; Knox & Co. v. Aspinwall, 21 Howard, 539.)

But again : it will be said the court erred in its ruling upon the admissibility of the testimony sought to be elicited from the witnesses, B. A. Shepherd and Wm. R. Baker.

This testimony was wholly irrelevant to the issue. If every question put to the witnesses had been answered in the most satisfactory manner for the intervenor, it would have made no possible difference to his case. Who were the parties about whom he was making inquiry? They were not parties before the court. If they were either stockholders or bondholders the court could have made no decree affecting their interests without giving them an opportunity of being heard.

WALKER, J.—The Houston City Mills Manufacturing Company was incorporated in 1864, with a capital stock of $500,000. It

appears that, in 1868, shares had been taken in the capital stock to the amount of $75,000. On the ninth day of June, 1868, there were issued by the company $100,000 in bonds of different denóminations, payable to George Goldthwaite or bearer; at the same time the company mortgaged its corporate property to Goldthwaite, as trustee for the holders of the bonds, to secure their payment.

The company failed to pay the interest on the bonds. Goldthwaite filed his petition in this case on the twenty-third of April, 1870, in which he claims that the principal and interest of the bonds have become due, according to their tenor and effect, and he seeks to foreclose the moitgage in favor of certain of the bondholders.

Simon Mussina files a plea of intervention, as the owner and holder of six shares of $500 each in the capital stock of the company. It appears that these shares were originally issued to John E. Owens. There were no parties before the court except Goldthwaite, the trustee, plaintiff, and the company, defendant, which suffered judgment by default.

The plaintiff demurred to the plea of intervention, and the demurrer was overruled by the court.

It is claimed, upon the authority of Canaway v. Morgan, 5 Martin, and Walker v. Dunbar, 7 Martin, (which authorities, we think, are wrongly cited,) that the intervenor cannot change the case as made by the original parties; that he cannot change the character of the suit, and cannot make another party. But we think that an intervenor, claiming an interest in the subject matter in dispute, may interpose his claim as a defendant to the suit, having been made such by leave of the court, the better to protect his interests; and if there be fraud and collusion between the original parties, whereby his interests are compromised or prejudiced, he may set it up affirmatively and prove it, and thereby defeat any fraudulent design intended to be carried out by the suit. The case

of Allen v. Curtis and others, 26 Connecticut, 456, cited by appellee, we think supports this doctrine. It is therein decided that an individual stockholder may maintain a petition in equity against the directors of a corporation for misconduct in office, where the corporation is unable to bring a suit at law, or where, through collusion or fraud, it neglects to seek redress, and an application has been made to the directors for the use of the corporate name, to bring suit, which has been refused.

We see no good reason for insisting upon this latter condition, where the directors, as in this case, are themselves charged with fraud. The case of Shelby v. Dixon, 24 Georgia, 273; Kean v. Johnson, 1 Stockton, 401; Revere v. Boston Copper Company, 15 Pick., 351; Brown v. Vandyke, 4 Halstead, 795; and Brown v. Vandyke, 5 Allen, 230, all cited by the appellee, have no further bearing upon the case at bar, than the case of Allen v. Curtis.

Where a party states facts in his pleadings, from which, if proven, the court must infer fraud as a legal sequence, it is not necessary that he should allege fraud specifically.

The bill of exceptions shows that on the trial of the cause the intervenor sought, by the evidence of W. R. Baker, Secretary, and B. A. Shepherd, President, of the company, to prove fraud on the part of the directors of the company, in issuing the bonds, and certain other matters alleged in his petition, which we think it perfectly legitimate for him to prove, and it was error in the court to exclude the evidence.

We think the judgment of the district court is objectionable on the ground of uncertainty. (See Spiva v. Williams, 20 Texas, 442; Claiborne and others v. Tanner's heirs, 18 Texas, 68.)

There should have been a finding of the jury, of the amount due the plaintiff. (See May v. Taylor's administrator, 22 Texas, 348.) As to the averment of facts constituting frauds, see McMahan v. Rice, 16 Texas, 335. We deem it unnecessary in this decision to

pass upon the right of corporations to issue bonds in a proper case; here it is charged that they were frandulently issued, that there was no necessity for their issue, that the affairs of the company were in a healthy and prosperous condition, and that the creation of such a debt was a fraud upon the stockholders, and intended to operate to the private advantage of the directors.

There is nothing appearing in the record to show that the rights of third parties, innocent holders of these bonds, have intervened to prevent any equitable adjustment of all rights between the company and the individual stockholders; and that they may have such an adjustment, the judgment of the district court is reversed and the cause remanded.

Reversed and remanded.