## PROVIDENCE.

AMASA M. EATON *et al. vs.* GEORGE H. ROBINSON *et als.*

A bill in equity brought by a trustee, a stockholder in a corporation, and his *cestui que trust*, against the corporation and the other stockholders for an account of moneys alleged to have been misappropriated in fraud of the rights of the complainants, alleged that the management of the corporation is in the control of the officers and stockholders who have conspired to absorb the rents and profits accruing to the corporation, by paying to certain of the stockholders while officers of the corporation salaries grossly disproportionate to the services rendered, for the purpose of preventing the complainants from receiving any benefit from their stock in the corporation, and that the board of directors is composed of members of the corporation concerned in the fraudulent design, so that the complainants are powerless to protect their interests.

*Held,* that it sufficiently appeared that a request to the corporation prior to the filing of the bill for a redress of the grievances complained of would have been unavailing, and that it was unnecessary to aver such request.

*Held,* further, that inasmuch as under the circumstances set forth in the bill it was immaterial whether such a request was, or was not, made, a motion to amend the answer so as to negative the formal allegation of a request contained in the charging part of the bill, and which would have been sufficient had any allegation of a request been necessary, should be denied.

BILL IN EQUITY alleging misappropriation of corporate funds, and praying for an account. On respondents' motion to amend answer.

*October 27, 1893.* MATTESON, C. J. This is a bill by a trustee, a stockholder in a corporation, and his *cestui que trust*, against the corporation and the other stockholders for an account of moneys alleged to have been paid to certain

stockholders for salaries disproportionate to the services rendered and in fraud of the rights of the complainants.

A demurrer to the bill was filed. The bill was subsequently amended so as to remove the causes of demurrer specified, except the cause that the bill did not aver any request to the corporation for a redress of the grievances alleged prior to the filing of the bill. The court on looking into the bill found the charging part of it set out that the respondents, though requested so to do, had refused to comply with the requests of the complainants for the protection of their interests and for an account and repayment, and held that, though this might be formal, it was, nevertheless, sufficient to meet the objection, and, accordingly, overruled the demurrer. Thereupon, the respondents moved to amend their answer, so that it should deny that either of the administrators of Jonathan N. Hazard, the original owner of the stock now held by the complainant trustee, or Mary A. Hazard, the *cestui*, or any one acting for them, or purporting to act for them or either of them, had applied, prior to the filing of the bill, to the directors of the corporation, or to its stockholders in meeting assembled, for redress of the grievances, real or other, set forth in the amended bill.

The complainants oppose the motion. They contend that where it is alleged, as in the present bill, that the management of the corporation is in the control of the officers and stockholders who have conspired to absorb the rents and profits accruing to the corporation, by paying to certain of the stockholders while officers of the corporation salaries grossly disproportionate to the services rendered, for the purpose of preventing the complainants from receiving any benefit from their stock in the corporation, and that the board of directors is composed of members of the corporation concerned in the fraudulent design, so that the complainants are powerless to protect their interests, it sufficiently appears that a request to the corporation for a redress of the grievances complained of would be unavailing; and that when it appears that such a request would be unavailing, it is unnecessary to aver it; and, hence, that the amendment pro-

posed should not be allowed, because it is immaterial whether such a request was, or was not, made.

We think the complainants' contention is correct. The following cases cited in its support are directly in point: *Brewer* v. *Boston Theatre Co.*, 104 Mass. 378 ; *Mussina* v. *Goldthwaite*, 34 Tex. 125, 132 ; *Heath* v. *Erie Railway Co.*, 8 Blatch., 347, 410 ; *Rogers* v. *Lafayette Agricultural Works*, 52 Ind. 296, 306 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 59 ; *Currier* v. *New York, West Shore & Buffalo R. R. Co.*, 35 Hun, 355, 360.

The respondents' motion to amend the answer is denied and dismissed.

*Amasa M. Eaton*, for complainants.

*Arnold Green*, for respondents.