### YANTIS et al. v. McCALLUM, Judge, et al.

### No. 12794.

Court of Civil Appeals of Texas. Dallas.

Nov. 1, 1938.

Robert M. Vaughan and J. E. Burkholder, both of Dallas, for relators.

Marshall Thomas and Geo. T. Burgess, both of Dallas, for respondents.

LOONEY, Justice.

R. O. Yantis and twenty-one other residents of Dallas County, as relators, filed an original petition in this court against Honorable Claud M. McCallum, Judge of the 101st Judicial District of Dallas County, the Federal Mortgage Company, and several other corporations, as respondents, seeking the issuance of a writ of mandamus; alleging in substance that, each relator then had pending in a District Court of Dallas County, a suit against the Federal Mortgage Company and the other corporations, seeking cancellation of certain written documents evidencing loan contracts between each relator and the Federal Mortgage Company, in regard to which the other corporations bore an alleged relationship. Cancellation was sought on two grounds: (1) that the loan contracts were tainted with usury, and (2) that their execution was induced by the false and fraudulent representations of an agent of the loan company. Relators alleged further that, on July 15, 1937, they instituted a joint suit in the nature of a bill of discovery against the Federal Mortgage Company and the other named corporations, seeking answers to certain interrogatories propounded, and to have an audit made of the books and records of the corporations; the evidence to be used by relators on the trial of their respective suits for cancellation. A copy of the bill of discovery is attached to relators' petition, showing that, the causes of action for cancellation, alleged by relators, respectively, are identical; that is, the documents involved are in the same form, the difference being in the dates, amount of the loan, and the name of the respective

borrowers, etc. Relators alleged further that, on October 16, 1938, Honorable Claud M. McCallum, District Judge, sustained a general demurrer to their bill of discovery suit, wherefore they prayed for mandamus, directing the Judge to enter an order granting the relief therein sought, and requiring the other respondents to answer the interrogatories attached to the bill, and submit their records, correspondence and other data, for examination and audit; and, in the alternative, prayed that, if the writ of mandamus be denied, that the District Judge be directed to set aside his order sustaining the general demurrer to relators' bill of discovery and grant a hearing thereon prior to the trial of relators' respective suits for cancellation.

Courts of Civil Appeals are without jurisdiction to issue extraordinary writs, except in aid of or to enforce their appellate jurisdiction, as authorized by Art. 1823, R.S., and to compel a judge of the District or County Court, as the case may be, to proceed to trial and judgment in a cause, as authorized by Art. 1824, R.S., Vernon's Ann.Civ.St. art. 1824.

In the instant case, we are without appellate jurisdiction; in fact, the order of court sustaining the general demurrer to the bill of discovery, being interlocutory in nature was not appealable; and is reviewable, as other intermediate orders, only after final judgment rendered in the main suits, to aid which the discoveries were sought. Texas Wheat Growers' Ass'n v. Gough, Tex.Civ.App., 70 S.W.2d 818; Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552; Humble Oil & Refining Co. v. Pitts, Tex.Com.App., 108 S.W.2d 910.

Nor do we think relators' application is within the terms of Art. 1824. The complaint is not that the District Judge refused to try the bill of discovery suit, but that the disposition made of same by the judge was unsatisfactory, therefore, they ask that he be directed to set aside the order, sustaining the general demurrer, and proceed to grant the relief sought, by requiring the other respondents to answer the interrogatories attached to the bill, and submit their books, records, correspondence and other data for examination and audit.

The action of the trial judge, in sustaining the demurrer to the bill of discovery, was a matter peculiarly within his judicial discretion, hence we are without authority to direct the judge to reverse his action, overrule the demurrer, and grant the relief sought in the bill of discovery. Oak Downs, Inc., v. Watkins, Tex.Civ.App., 85 S.W.2d 1100; Adams v. Mitchell, Tex. Civ.App., 86 S.W.2d 884.

The authorities just cited are directly in point, are conclusive against the contention of relators; therefore the petition for mandamus is denied.

Mandamus denied.