**CHURCH BY CHRIST JESUS et al. v. MOORE, District Judge, et al.**

No. 12061.

Court of Civil Appeals of Texas. Galveston.

Oct. 28, 1948.

Carroll V. Webb and Gerald S. Gordon, both of Houston, for relators.

Devereaux Henderson, John A. Croom, and Horace F. Brown, all of Houston, for respondents.

MONTEITH, Chief Justice.

This is an original proceeding for mandamus instituted in this Court by the relators, The Church by Christ Jesus, its officers and members, to compel the respondent, Honorable W. W. Moore, Judge of the 11th Judicial District Court of Harris County, Texas, to proceed to trial and judgment on the relators' petition for temporary injunction against the respondents, L. C. Lott and C. C. Capps, restraining respondents from acting in any official capacity as Trustees of The Church of Christ Jesus, pending a final hearing on the merits in a cause numbered 359,013 on the docket of the District Court of Harris County, and styled J. G. Evans et al., Trustees and Presbytery, The Church by Christ Jesus v. L. C. Lott et al.

In their petition for mandamus to this Court, relators alleged the then presiding judge of the District Courts of Harris County had assigned said cause No. 359,013 to the 11th District Court, of which the respondent Honorable W. W. Moore is judge, that on October 12, 1948, all parties to the suit and their attorneys appeared before the 11th District Court for such hearing, and that the court, upon learning the nature of the proceeding, had denied all relief sought by relators. They contend in this Court that they have not had an opportunity to be heard on their petition for temporary injunction.

When this proceeding came on for hearing in this Court, the respondent Judge W. W. Moore attached to his answer filed herein certified copies of two orders signed by him in the suit for temporary injunction,

one of which appears to have been entered on October 19, 1948, and reads:

"On this 12th day of October, A.D., 1948, came on to be heard the above styled and numbered cause and defendant presented to the court his Plea in Abatement to plaintiff's original petition asking for temporary injunctive relief and came the plaintiffs in person and by and through their attorneys of record, and came the defendants in person and through their attorneys of record and the court having considered the pleadings and the Plea in Abatement as well as argument of counsel thereto together with all authorities presented by counsel, and the court after carefully considering same is of the opinion the Plea in Abatement is good and should be sustained and that all relief therefor requested by plaintiffs should be denied;

"It is therefore ordered, adjusted and decreed that the Plea in Abatement be sustained and that all relief requested by plaintiffs be therefore denied. Entered this 19th day of October, A.D., 1948.

"/s/ W. W. MOORE, Judge Presiding."

From this order it appears that the trial court did proceed to trial in said cause and that he sustained defendants' plea in abatement filed therein, and denied the relief sought by plaintiffs.

From these facts it is apparent that this court is without jurisdiction to issue the writ of mandamus sought by relators.

Courts of Civil Appeals are without jurisdiction to issue extra-ordinary writs except in aid of or to enforce their appellate jurisdiction as authorized by Article 1824, R.S., Vernon's Ann.Civ.St. art. 1824, or to compel a judge of the District or County Court, as the case may be, to proceed to trial and judgment in a cause as authorized by said Art. 1824, R.S. Yantis et al. v. McCallum, Judge, et al., Tex.Civ. App., 121 S.W.2d 610.

Since the order of the trial court sustaining defendants' plea in abatement of defendants in cause No. 359,013 was interlocutory in nature (Baker et al. v. Rose, Tex.Civ.App., 179 S.W.2d 339), and not appealable since the trial court's action in a suit of this character is reviewable only

after a final judgment is rendered in the main suit, this court is without jurisdiction to grant the relief sought. Yantis et al. v. McCallum, Judge et al., supra, and authorities there cited.

It follows that relators' petition for a mandamus must be denied.

Mandamus denied.

CODY, Justice.
I agree that a mandamus must be denied.