**JOSLYN et vir. v. FENNELL et al.**

No. 16254.

Court of Civil Appeals of Texas.
San Antonio.

April 26, 1950.

Ronald Smallwood, San Antonio, J. Douglas McGuire, San Antonio, for petitioners.

Dibrell & Gardner, San Antonio, for respondents.

PER CURIAM.

Petitioner, Mrs. Helen Joslyn, joined by her husband, M. N. Joslyn, has filed this motion for leave to file a petition for writ of mandamus to require the Hon. P. C. Sanders, Judge of the 57th District Court of Bexar County, Texas, to pass upon a motion filed by petitioner seeking to require the Clerk of the District Court to deliver to Helen Joslyn a check held by him in the sum of $500.00.

The writ of mandamus is sought for the further purpose of having the Judge enter a judgment holding Perry H. Fennell, Jr., in contempt of court and ordering him to jail until such time as he might purge himself of such contempt.

■■ This Court does not have original jurisdiction to issue the writ of mandamus for either of these two purposes. All the jurisdiction we have to issue writs of mandamus is set out in Articles 1823 and 1824 of Vernon's Ann.Civ.Stats. They read as follows:

"Art. 1823. 1592, 997 Writs of mandamus, etc.

"Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts. Id.

"Art. 1824. 1595, 1000 May mandamus district courts

"Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require. Acts 1st C.S., 1892, p. 25;

Acts 1923, p. 110; Acts 1929, 41st Leg., p. 68, ch. 33, § 1."

See also: Adams v. Mitchell, Tex.Civ. App., 86 S.W.2d 884; Church of Christ Jesus v. Moore, Tex.Civ.App., 214 S.W.2d 690; Union City Transfer v. Kenna, Tex. Civ.App., 210 S.W.2d 431; Crowley v. Carter, Tex.Civ.App., 192 S.W.2d 787; Wichita Falls Traction Co. v. Cook, Tex.Civ. App., 50 S.W.2d 422; Texas Employers' Ins. Ass'n v. Kirby, Tex.Civ.App., 150 S.W. 2d 123.

The motion is overruled.