Edward G. BURKE, Jr., et ux., Relators,

v.

Honorable Walter LOUGHRIDGE et al., Respondents.

No. 13382.

Court of Civil Appeals of Texas.

San Antonio.

July 2, 1958.

Baskin, Casseb & Casseb, John M. Gilliland, San Antonio, for appellants.

Adrian A. Spears, Emmett J. Rahm, San Antonio, for appellee.

PER CURIAM.

This proceeding is upon an original petition for writ of mandamus filed in this Court, seeking to compel Honorable Walter Loughridge, District Judge, sitting as Judge of the 45th District Court, to enter certain orders hereinafter more fully identified.

Mrs. Helene Burke filed suit, being Cause No. F–110,885, against her husband, Edward G. Burke, Jr., seeking a divorce and property settlement, and employed as her attorneys in said suit the respondents Emmett J. Rahm and Adrian A. Spears. Edward G. Burke, Jr., answered and cross-actioned for divorce. Various preliminary proceedings were had in the case, and on April 28, 1958, the plaintiff, Mrs. Burke, wrote her attorneys that both she and the defendant had concluded that the case should be dismissed, and directed them to have her case dismissed. On the same date, the defendant, Burke, wrote his attorneys, Baskin, Casseb & Casseb, to the same effect, and directed them to dismiss his cross-action. Respondents, Rahm and Spears, did not dismiss the suit as requested, but filed therein a petition in intervention, alleging that the relator Helene Burke had signed a contract with them, giving them an undivided one-fifth interest in her cause of action against Edward G. Burke, Jr., and seeking to recover against Burke and wife their attorneys' fees in that suit. Relators, Burke and wife, filed their separate motions to dismiss the suit without prejudice and objected to the filing of the plea in intervention, and at the hearing relators made known to the court their contention that the court had no jurisdiction but to dismiss the action and cross-action for divorce, and also dismiss the plea in intervention.

At the conclusion of the hearing, the court signed an order severing the plea in intervention and ordering the same docketed in the 45th District Court as Cause No. F–110,885A, and styled Emmett J. Rahm and Adrian A. Spears, Plaintiffs, v. Edward G. Burke, Jr., and Helene Burke, Defendants.

Relators' petition in this Court seeks a writ of mandamus directed to the respondent Honorable Walter Loughridge, commanding him as acting Judge of the 45th District Court to enter judgment setting aside his order of severance of the plea in intervention of Respondents Rahm and Spears, signed May 23, 1958, and dismissing that plea which is docketed as Cause No. F–110,885A in said court.

We pretermit any discussion of the respective contentions of the parties. The actions complained of amount at most to errors of law, committed in the trial of a case pending in the trial court, from which no appeal has been or could be perfected to this Court until a final judgment is entered therein.

This Court's power and authority to issue the writ of mandamus in this case rests upon and is limited by the provisions of Article 1823, Vernon's Annotated Civil Statutes, as follows: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts," and of Article 1824, as follows: "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

This Court does not have original jurisdiction to issue the writ of mandamus for either of the purposes for which the writ is sought in this case. Wichita Falls Traction Co. v. Cook, Tex.Civ.App., 50 S.W.2d 422; Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884; Texas Employers' Ins. Ass'n v. Kirby, Tex.Civ.App., 150 S.W.2d 123; Crowley v. Carter, Tex.Civ.App., 192 S.W.

2d 787; Union City Transfer v. Kenna, Tex.Civ.App., 210 S.W.2d 431; Church by Christ Jesus v. Moore, Tex.Civ.App., 214 S.W.2d 690; Joslyn v. Fennell, Tex.Civ. App., 229 S.W.2d 838; Smith v. Young, Tex.Civ.App., 282 S.W.2d 718. The power and jurisdiction of the Courts of Civil Appeals to issue such a writ as is sought in this case is much more restricted than that conferred upon the Supreme Court by Article 1733, Vernon's Ann.Civ.Stats., which reads as follows:

"The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Civil Appeals or judges thereof, or any officer of the State Government, except the Governor."

The writ of mandamus is denied.