Barbara **BARONOFSKY**, Appellant,

v.

Bernice **BARONOFSKY**, Appellee.

No. 14869.

Court of Civil Appeals of Texas.

Houston.

May 26, 1966.

Rehearing Denied June 16, 1966.

———◆———

Nipper & Knox, Oscar Nipper, Houston, for appellant.

Ragan & Russell, John L. Russell, Morris, Termini, Harris, McCanne & Lacas, John G. Minniece, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from the judgment of the Court of Domestic Relations of Harris County.

Bernice Baronofsky filed suit for divorce on August 10, 1965, against her husband, Stanley Baronofsky, who answered and filed a cross-action. The case was heard on January 25, 1966, at which time the court made a docket entry reading: "Plf. granted divorce. Attys given 10 days to settle property." Appellant alleges that on January 29, 1966, she married Stanley Baronofsky relying on his representations that he was divorced. On February 23, 1966, Stanley Baronofsky died. No property settlement was filed with the court prior to his death.

On February 24, 1966, appellee filed a motion to set aside all previous orders and proceedings had in the case, for a non-suit as to her action for divorce, and for dismissal of the cross-action. In this motion she called the attention of the court to the fact that no final judgment had been entered in the cause and that none could be entered by reason of the death of the defendant and cross-plaintiff. This motion was granted and judgment entered to that effect on the same day the motion was filed.

On March 4, 1966, the attorney for appellant allegedly delivered to the Clerk for filing an instrument entitled "Petition of Intervention and Motion for Judgment." This instrument bears a notation "FILED: March 8, 1966." In it appellant contends that upon the death of Stanley Baronofsky

the court was divested of jurisdiction to make any further affirmative adjudication in the cause and that its jurisdiction was limited to the performance of the ministerial action entering a judgment conforming to the judgment previously rendered and entered on the court's docket sheet.

On April 1, 1966, an order was entered by the court striking the intervention and denying the motion to correct the judgment entered and to enter judgment nunc pro tunc. This order contained a notice of appeal.

On March 28, 1966, the District Clerk of Harris County, Texas, issued his receipt for a cash deposit tendered under the provisions of Rule 354, Texas Rules of Civil Procedure. A transcript was filed in the Court of Civil Appeals on April 26, 1966.

Appellee has filed a motion to dismiss this appeal for the reasons: (1) Notice of appeal not timely filed; (2) appeal bond not timely filed; (3) transcript not timely filed.

Unless the pleading filed in the trial court by appellant, styled "Petition for Intervention and Motion for Judgment," can be treated as a motion for a new trial, or unless the order denying the petition for intervention and motion for judgment is an appealable order, it is clear that no appeal has been perfected for the first and third reasons assigned by appellee. Rules 353, 356, and 386, T.R.C.P.

■ An order striking a petition in intervention is not such a final judgment as will authorize an appeal by the intervenor, before final judgment in the cause. Kimmel v. Lytton, Tex.Civ.App.1963, 371 S.W.2d 927, error ref.

■ Unless, therefore, the cause in which appellant attempted to intervene is properly before this Court, the action of the trial court in striking the plea in intervention cannot be considered. The appeal must be from the judgment entered in the case.

It is not necessary to determine whether the pleading filed by the intervenor might be considered a motion for new trial. It was filed after a judgment had been entered in the case. The trial court declined to set aside this judgment.

In Comal County Rural High School District No. 705 v. Nelson, 1958, 158 Tex. 564, 314 S.W.2d 956, a plea in abatement and special exceptions were sustained to plaintiff's petition by the trial court and judgment was entered dismissing the suit. The plaintiff did not except to this judgment or give notice of appeal. A motion for new trial was filed on the fifteenth day after entry of the order of dismissal. Within thirty days of the entry of the dismissal order the State of Texas filed a motion for leave to file a petition in intervention. The motion was overruled. On appeal the State of Texas contended that the trial court abused his discretion in denying its motion to intervene and the Court of Civil Appeals sustained this position and remanded the case for trial on the State's intervention. The Supreme Court held that the State's motion to intervene was not timely filed and affirmed the trial court, saying:

" * * * No plea of intervention could be filed in the cause until and unless the district judge set aside his order of dismissal and this he refused to do. We, therefore, are of the opinion that Rule 60, T.R.C.P., is inapplicable. Under the circumstances we conclude that the Court of Civil Appeals was without power to set aside the trial court's judgment of dismissal."

In McDonald, Texas Civil Practice, Vol. 1, Parties, § 3.48, pp. 309, 310, this statement appears:

" * * * intervention is proper at any time before final decision on the merits. Ordinarily no intervention will be allowed after final judgment, though even then it may be proper where the judgment directly affects the intervenor's rights and his presence is indispensable for his protection."

The case of Mussina v. Goldthwaite, 34 Tex. 125, 126, is cited in McDonald as authority for permitting intervention after judgment. We are not persuaded that this case stands for that proposition, but in any event we consider that the Comal County case discussed above is conclusive on this point.

Since in this case the trial court properly struck the petition in intervention, no appeal has been perfected from the judgment of the trial court granting a non-suit to appellee and dismissing the cross-action of Stanley Baronofsky.

The appeal is dismissed.