Marvin THOMAS, guardian of the Estate of Dan D. Davis, Sr., incompetent, Petitioner,

v.

John Henry DAVIS et al., Respondent.

No. B–6733.

Supreme Court of Texas.

June 29, 1977.

Luna & Murto, Earl Luna and Thomas V. Murto, III, Dallas, for petitioner.

Kelsoe & Ayres, R. Jack Ayres, Jr., Dallas, for respondent.

PER CURIAM.

This case involves the filing of a motion for new trial after a default judgment was rendered by the Dallas County Probate Court Number Two cancelling deeds from Dan Davis, Sr., an incompetent, to his sons, John Henry Davis and Paul Davis. The court of civil appeals reversed the judgment of the probate court and remanded the cause. 548 S.W.2d 755. The holding of the court of civil appeals conflicts with Texas Rules of Civil Procedure 329b,[1] and we grant the application for writ of error pursuant to Rule 483.

On October 13, 1975, Edith Faye Davis Gilliland, the daughter of Dan Davis, Sr., filed an application for guardianship for Dan Davis, Sr., alleging that he was mentally and physically incapable of taking care of himself or his estate. A hearing was held and on November 21, 1975, Marvin Thomas was appointed guardian of the estate of Dan Davis, Sr. On November 25, 1975, Thomas filed suit in Dallas County Probate Court Number Two, seeking to cancel deeds from Dan Davis, Sr., to John Henry Davis and Paul Davis. John Henry and Paul were served with citation on December 10, 1975. No answer was filed by John Henry or Paul and the probate court rendered default judgment on January 8, 1976. John Henry and Paul filed a motion for new trial on January 27, 1976, and an amended motion for new trial on January 29, 1976. The probate court held a hearing on the motion for new trial and signed the order overruling the motion for new trial on February 6, 1976.

The court of civil appeals held that the record revealed that the failure of John Henry and Paul to answer before judgment "was not intentional, nor was it the result of conscious indifference on their part, but was due to accident or mistake or an inadvertent circumstance." The court of civil appeals stated that John Henry and Paul had established a meritorious defense and that the motion was filed at a time when it would cause no delay or injury to the estate of Dan Davis, Sr. In conclusion the court held that the probate court abused its discretion in failing to grant a new trial. On rehearing the court stated that it had jurisdiction to consider the case even though the Davises' motion for new trial was not timely filed, citing *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961).

The court of civil appeals erred in holding that a defendant, properly served with citation, who files a motion for new trial after expiration of the 10-day time limit of Rule 329b(1) can appeal from an order of the trial court overruling this late-filed motion for new trial. Rule 329b provides in pertinent part:

1. All references to Rules will be to Texas Rules of Civil Procedure.

"1. A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered.

. . . . .

"5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty (30) days from the date of the rendition of judgment."

Under subdivision five of Rule 329b, the trial court retains jurisdiction of a cause for a 30-day period and may, at its discretion, grant a new trial within that time. We hold, however, that under subdivision one of Rule 329b, a trial court's order overruling a motion for new trial filed after the 10-day period cannot be the basis of appellate review, regardless of the fact that the trial court's order was issued within 30 days of judgment. The court of civil appeals had no jurisdiction to consider the late-filed motion for new trial.

We hold that the instruments filed by John Henry and Paul were late-filed motions for new trial which the court of civil appeals had no jurisdiction to consider. Pursuant to Rule 483 we grant the writ of error, and without hearing oral argument reverse the judgment of the court of civil appeals and affirm the judgment of the probate court.