ST. PAUL INSURANCE COMPANY,
Appellant,

v.

Janis RAHN, Appellee.

No. 1577.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 30, 1979.

Rehearing Denied Sept. 21, 1979.

Damon Ball, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Thomas G. Sharpe, Jr., Brownsville, for appellee.

## OPINION

PER CURIAM.

St. Paul Insurance Company filed a petition in intervention on June 11, 1979, in a suit styled "Janis Rahn v. Jose Gomez, Richard Novigrod and the Bazaar Corporation of Brownsville," Individually and Jointly, in which judgment had previously been rendered on May 18, 1979. At the same time, St. Paul also filed a motion to set aside the judgment and for a new trial on behalf of itself, and a similar motion on behalf of the Bazaar Corporation, pro forma. Janis Rahn filed a motion to strike the intervention on June 14, 1979. On the following day, the trial court denied the motions to set aside the judgment. St. Paul promptly filed an appeal bond on June 15.

The transcript was not tendered to the Clerk of this Court until August 13, 1979. It was marked received, but not filed, because the time for filing the record had apparently expired sixty days after judgment, or on July 17, 1979. The attorneys of record were notified of the problem and the jurisdictional issue brought to our attention. (See Rule 389, T.R.C.P.) Appellant responded by filing a brief. Appellee has filed a motion to dismiss the appeal for want of jurisdiction and a brief in support of the motion. We conclude that since the record was not timely offered, the appeal must be dismissed.

The record was due in this Court within sixty days after the rendition of judgment on May 18, 1979, absent a time-filed motion for new trial. Rule 386, T.R.C.P. Motions for new trial, if filed, must be filed within ten days of the rendition of judgment. Rule 329b(1).

■ The motion to set aside judgment and motion for new trial were filed twenty-four days after the rendition of judgment. A trial court's order overruling a late-filed motion for new trial cannot be the basis of appellate review, and this Court has no jurisdiction to consider the late-filed motion. *Thomas v. Davis,* 553 S.W.2d 624 (Tex.Sup.1977). Therefore, the record was due sixty days after judgment, or on July 17, 1979. Appellant did not timely file the transcript, nor has it filed a motion for extension of time pursuant to Rule 21c.

St. Paul argues in its brief, however, that the filing of its petition in intervention, albeit after the rendition of judgment, made it a party to the cause during a time when the trial court had plenary power over its judgment. It further reasons that because the previously rendered judgment did not dispose of its claim, the judgment could not be final and did not become final until June 15, 1979, when its claim was disposed of by order overruling its motion for new trial. This argument has no merit.

■ The trial court had plenary power over its judgment at the time St. Paul filed its petition and could, if it chose, vacate, modify, correct or reform the judgment or grant a new trial. *Transamerican Leasing Company v. Three Bears, Inc.,* 567 S.W.2d 799 (Tex.Sup.1978); Rule 329b(5). But such power did not in any way impeach the finality of the May 18 judgment. The judgment disposed of all issues and parties before the court and was therefore final. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.Sup.1966). St. Paul was not a party to the suit at that time, and its subsequent petition in intervention could not serve to recharacterize a previously final judgment into an interlocutory order. *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 957 (1958).

■ The trial court's plenary power over its judgment also did not affect the time limits for filing the record in this Court. Only a timely-filed motion for new

trial under Rule 329b(1) or an extension of time granted under Rule 21c can extend the due date past the sixty days from the date of judgment. *Thomas v. Davis,* supra.

 Intervention is authorized by Rule 60. The right to intervene is given in furtherance of a speedy disposition of suits and to prevent multiplicity of actions. *Mulcahy v. Houston Steel Drum Company,* 402 S.W.2d 817 (Tex.Civ.App.—Austin 1966, no writ). The intervenor bears the burden to show a justiciable interest, legal or equitable, in the lawsuit, and the trial court has wide discretion in judging the sufficiency of the opposing party's motion to dismiss the petition in intervention. *Rogers v. Searle,* 533 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Armstrong v. Tidelands Life Insurance Company,* 466 S.W.2d 407 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Mulcahy v. Houston Steel Drum Company,* supra. But, where the petition in intervention is filed after judgment, the Supreme Court has held that Rule 60 does not apply. In *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 957 (1958), a petition in intervention was filed after judgment, but before the expiration of thirty days, as in the case before us. There, the Court stated at 314 S.W.2d on page 957:

"In our opinion the State's motion to intervene was not timely filed. The order of dismissal entered by the trial court on September 5th had become final subject only to the power of the Court within the following thirty days to set the order aside. Rule 329–b, Texas Rules of Civil Procedure. The respondent-taxpayers, had lost their right of appeal and to complain of the dismissal of their case. No plea of intervention could be filed in the cause until and unless the district judge set aside his order of dismissal and this he refused to do. We, therefore, are of the opinion that Rule 60, T.R.C.P., is inapplicable. Under the circumstances we conclude that the Court of Civil Appeals was without power to set aside the trial court's judgment of dismissal."

See also *McLennan County v. American National Insurance Company,* 457 S.W.2d 597 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.); *Campbell v. Jefferson,* 453 S.W.2d 336 (Tex.Civ.App.—Tyler 1970, writ dism'd); *Baronofsky v. Baronofsky,* 404 S.W.2d 683 (Tex.Civ.App.—Houston 1966, writ dism'd); *Mast v. Shipp,* 123 S.W.2d 980 (Tex.Civ.App.—Beaumont 1939, writ dism'd, jdgmt. cor.).

We hold that the filing of St. Paul's petition in intervention was not authorized under Rule 60, and it had no effect on the final judgment previously rendered. The late-filed motion for new trial had no effect on the appellate timetable. We have no jurisdiction of the appeal.

Appeal dismissed.