Urban FARROW, Appellant,

v.

Ron L. BRAMBLE, et al., Appellees.

No. 04–82–00587–CV.

Court of Appeals of Texas, San Antonio.

Dec. 21, 1983.

Rehearing Denied Jan. 16, 1984.

Rufino Cabello, Carrizo Springs, for appellant.

Charles R. Jones, El Paso, Craig L. Austin, Sue M. Hall, San Antonio, Eugene D. Stewart, Carrizo Springs, David L. Turlington, Davis & Turlington, Daniel R. Rutherford, Robert A. Price, IV, Price & Wilson, San Antonio, for appellees.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

### ON APPELLEE'S MOTION TO DISMISS APPEAL

Plaintiff, Urban Farrow, filed this suit against defendants, Ron L. Bramble, James E. Bauerle, Sr., Norman H. Bevan, William T. Harris, Sidney T. Zarges and William M. Mertz, to recover on a promissory note. On October 16, 1981, the trial court dismissed the case for want of prosecution. Notice of the dismissal was sent to counsel for plaintiff on October 21, and plaintiff filed a motion to reinstate the case on November 12, 1981. An order reinstating the case on the docket was signed on November 18, 1981.

Ten months later, on August 24, 1982, the trial court signed an order vacating the order reinstating the case. Plaintiff filed a motion for new trial on September 16, 1982. The appeal bond was filed on November 22, 1982.

Rule 165a, TEX.R.CIV.P. (1982) is applicable to dismissals for want of prosecution. As applicable to this case, the pertinent portions of the rule are as follows:

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party of his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

Since, in this case, plaintiff's attorney was given notice of the dismissal before the expiration of 20 days after the order of dismissal was signed, the trial court's power to reinstate the case terminated at the expiration of thirty days from the date of the signing of the order of dismissal. In this case, the order purporting to reinstate the case was signed 33 days after the signing of the order of dismissal. The order of reinstatement was, therefore, void. *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762, 763 (Tex.1978); *N-S-W Corp. v. Snell*, 561 S.W.2d 798 (Tex.1977).

The judgment of dismissal became a final judgment, no longer within the power of the trial court to set aside, on November 15, 1981. The orders entered after that date are nullities and cannot operate to extend the time for perfecting an appeal to this court. Rule 5, TEX.R.CIV.P. (1982).

Rule 356(a) required plaintiff, in order to appeal from the order of dismissal, to

file his appeal bond within 30 days after October 16, 1981, the date on which the order was signed. The appeal bond filed by plaintiff on November 22, 1982, was not timely filed. Rule 356 is mandatory and jurisdictional, and plaintiff's failure to timely file the appeal bond must result in a dismissal of the appeal. *Glidden Co. v. Aetna Surety & Casualty Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956); *Washington v. Golden State Mutual Life Insurance Co.,* 405 S.W.2d 856 (Tex.Civ.App.—Houston 1966, writ ref'd).

It is clear that a party desiring reinstatement of a case which has been dismissed for want of prosecution must follow the time-table prescribed in Rule 165a, and not the time-table applicable to motions for new trial by Rule 329b. The opinion of the Supreme Court in *Danforth Memorial Hospital v. Harris, supra,* compels this conclusion, as does the clear language of Rule 165a which applies specifically to motions to reinstate a case which has been dismissed for want of prosecution. To hold that Rule 329b applies to cases of dismissal for want of prosecution would be to nullify the clear provisions of Rule 165a.

The motion for new trial filed by plaintiff 11 months after the order of dismissal was not filed within the time prescribed by Rule 329b and did not operate to extend the time for perfecting an appeal to this Court. *St. Paul Insurance Co. v. Rahn,* 586 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Calk v. Gans & Smith Insurance Agency, Inc.,* 535 S.W.2d 755 (Tex.Civ.App.—Tyler 1976, no writ). *Cf. Thomas v. Davis,* 553 S.W.2d 624 (Tex. 1977).

The appeal is dismissed for want of jurisdiction.