**FIRST STATE BANK OF BISHOP, Texas, Appellant,**

v.

**FROST NATIONAL BANK OF SAN ANTONIO, Texas and Bexar County National Bank, of San Antonio, Texas, Appellees.**

No. 04–81–00248–CV.

Court of Appeals of Texas, San Antonio.

Jan. 18, 1984.

Davis Grant, Austin, William F. Wallace, Corpus Christi, for appellant.

Thomas H. Crofts, Jr., Ann Livingston, Groce, Locke & Hebdon, Barrett Moursund, San Antonio, for appellees.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

PER CURIAM.

Appellant, First State Bank of Bishop, Texas, brought an appeal to this court from an order of dismissal for want of prosecution. In 1972, the First State Bank brought suit in Nueces County for recovery of monies advanced on promissory notes. Frost National Bank and Bexar County Bank, two of the defendant banks, were alleged to have received payments that should have been paid to First State Bank. The cause against these two defendant banks was transferred to Bexar County pursuant to pleas of privilege in 1973. No action was taken in the cause by plaintiff First State Bank, until the cause was dismissed for want of prosecution in May of 1978, and soon thereafter reinstated. Frost Bank and Bexar County Bank filed special exceptions to First State Bank's pleadings, which were sustained, and an order was entered requiring First State Bank to amend its petition by January 11, 1980. First State Bank failed to amend its pleadings, and a second motion to dismiss for want of prosecution was filed. The court declined to grant the second motion to dismiss. At a hearing on a third motion to dismiss for want of prosecution, filed one year later, the trial court granted the motion to dismiss, and entered a dismissal order "with prejudice."

The order of dismissal for want of prosecution was signed June 5, 1981. Appellant filed a motion for rehearing, which was the same as a motion to reinstate, on June 8, 1981. In a prior opinion this court has held that a dismissal for want of prosecution is a 165a dismissal, and is governed by the provisions of Rule 165a.[1] *Farrow v. Bramble,* 663 S.W.2d 893, (Tex.App.—San Antonio, 1983, no writ). Rule 165a requires that a plaintiff whose cause has been dismissed, must obtain a hearing and an order on his motion for reinstatement, before the expiration of 30 days after the date of signing of the judgment, if he has received notice of the dismissal within 20 days after the signing of the order of dismissal. Rule 165a, TEX.R.CIV.P. (Vernon 1982). In this case, plaintiff's attorney was given notice of the dismissal before the expiration of 20 days after the order of dismissal was signed, as is evidenced by the filing of the motion for rehearing 3 days after the order of dismissal. The trial court's power to reinstate the cause terminated at the expiration of 30 days from the date of signing the order of dismissal, on July 5, 1981.

Rule 356(a) required plaintiff, in order to appeal from the order of dismissal, to file his appeal bond within 30 days after June 5, the date on which the order was signed. The appeal bond filed by plaintiff on August 31, 1981, was not timely filed. Rule 356 is mandatory and jurisdictional, and plaintiff's failure to timely file the appeal bond must result in a dismissal of the appeal. *Glidden Co. v. Aetna Casualty & Surety Co.,* 155 Tex. 591, 593, 291 S.W.2d 315, 317 (1956). As this court said in the *Farrow v. Bramble* opinion,

It is clear that a party desiring reinstatement of a case which has been dismissed for want of prosecution must follow the time table prescribed in Rule 165a, and not the time table applicable to motions for new trial by Rule 329b. The opinion of the Supreme Court in *Danforth Memorial Hospital v. Harris,* 573 S.W.2d 762, 763 (Tex.1978), compels this conclusion, as does the clear language of Rule 165a which applies specifically to motions to reinstate a case which has

1. All references to rules are to the Texas Rules of Civil Procedure.

been dismissed for want of prosecution. To hold that Rule 329b applies to cases of dismissal for want of prosecution would be to nullify the clear provisions of Rule 165a.

The appeal is dismissed for want of jurisdiction.