cv1-227 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-227-CV





HAZEL CORN,



 APPELLANT


vs.





MARTIN WEINER, M.D.,



 APPELLEE


 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL

DISTRICT


NO. 90-PI-0014, HONORABLE CHARLES R. RAMSAY, JUDGE



 





PER CURIAM



 Appellant Hazel Corn seeks to appeal from a summary
judgment of the district court of Caldwell County. We will dismiss
the appeal for want of jurisdiction.

 On January 24, 1991, the district court rendered two
facially contradictory orders: a summary judgment in favor of
appellee Martin Weiner, M.D., and an order striking Corn's
pleadings and dismissing her suit against Weiner. Tex. R. Civ. P.
Ann. 329(b)(a) (Supp. 1991) required Corn to file a motion for new
trial on or before February 25, 1991. See Butts v. Capitol City
Nursing Home, Inc., 705 S.W.2d 696 (Tex. 1986) (motion to reinstate
has same effect as motion for new trial). On February 27, 1991,
Corn, however, filed her motion for new trial and a motion to
reinstate cause and set aside order for sanctions. The record does
not indicate whether Corn mailed either motion to the district
clerk on or before February 25, thereby enlarging the time to file
pursuant to Tex. R. Civ. P. Ann. 5 (Supp. 1991).

 In the absence of a timely motion, Tex. R. App. P. Ann.
41(a) (Supp. 1991) required Corn to perfect an appeal on or before
February 25, 1991. A motion for extension of time to perfect
appeal would have been due in this Court on or before March 12,
1991. Tex. R. App. P. Ann. 41(a)(2) (Supp. 1991). Apparently
assuming that the motion for new trial was timely, Corn sent her
appeal bond to the district clerk of Caldwell County on April 26
and, on June 14, filed her motion for extension of time to file
cost bond in this Court. (1) The district clerk filed the appeal bond
on April 30; this Court granted the motion for extension on June
26, 1991.

 Our review of the transcript filed in this cause shows,
however, that this Court does not have jurisdiction over the
appeal. Because Corn's motion for new trial was untimely, her
appeal bond and motion for extension of time to file cost bond were
also untimely. Farrow v. Bramble, 663 S.W.2d 893, 895 (Tex. App.
1983, no writ); St. Paul Ins. Co. v. Rahn, 586 S.W.2d 701, 703
(Tex. Civ. App. 1979, no writ); see Thomas v. Davis, 553 S.W.2d 624
(Tex. 1977). The timely filing of a bond, cash deposit, or
affidavit in lieu thereof is jurisdictional. Davis v. Massey, 561
S.W.2d 799 (Tex. 1978). Because Corn filed her cost bond beyond
the specified time, this Court lacks jurisdiction over the appeal. 
Duke v. Lloyd, 584 S.W.2d 742 (Tex. Civ. App. 1979, no writ).

 Even if Corn had filed her motion for new trial timely
and the appeal bond were due on April 25, this Court was without
jurisdiction to consider the motion for extension of time to file
cost bond. Rule 41(a)(2) provides that both the cost bond and a
motion for extension of time must be filed "not later than fifteen
days after the last day allowed." See B. D. Click Co., Inc. v.
Safari Drilling Corp., 638 S.W.2d 860 (Tex. 1982). The motion for
extension was due to be filed on or before May 10, 1991, but was
not filed until June 14. Accordingly, this Court was without
jurisdiction to grant an extension of time within which to file the
cost bond.

 The appeal is dismissed for want of jurisdiction.


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: July 17, 1991

[Do Not Publish] 
1. The motion does not set out the date of the judgment, the
date of the filing of the motion for new trial, or the deadline for
filing the cost bond. See Tex. R. App. P. Ann. 73 (Supp. 1991). 
The motion does state that the bond was obtained on April 26 and
"was sent off immediately by Federal Express or Express Mail, with
expected delivery no later than April 29, 1991 . . . ."