IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-574-CV





EVERMAN INDEPENDENT SCHOOL DISTRICT,



 APPELLANT


vs.





CENTRAL EDUCATION AGENCY AND FORT WORTH


INDEPENDENT SCHOOL DISTRICT,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 458,281, HONORABLE PAUL R. DAVIS, JR., JUDGE



 





PER CURIAM



 Appellant Everman Independent School District seeks to appeal from a judgment
of the district court of Travis County affirming the administrative decision of appellee Central
Education Agency. Everman ISD has filed a motion to extend time. We will dismiss the motion
and will dismiss the appeal for want of jurisdiction.

 The district court issued its judgment on September 17, 1991. Texas R. Civ. P.
Ann. 329b(a) (Supp. 1991) required Everman ISD to file a motion for new trial on or before
October 17, 1991. An exhibit to the motion to extend time shows that the motion for new trial
was filed on October 18, 1991. The motion to extend time does not indicate whether Everman
ISD mailed the motion for new trial to the district clerk on or before October 17, 1991, thereby
enlarging the time to file the motion. See Tex. R. Civ. P. Ann. 5 (Supp. 1991).

 In the absence of a timely motion for new trial, Tex. R. App. P. Ann. 41(a)(1)
(Pamph. 1991) required Everman ISD to perfect its appeal no later than October 17, 1991. A
motion to extend time would have been due on or before November 1, 1991. Tex. R. App. P.
Ann. 41(a)(2) (Pamph. 1991). Apparently assuming that its motion for new trial was timely,
Everman ISD filed its motion to extend time on December 27, 1991, and filed a cash deposit in
lieu of cost bond with the district clerk "within fifteen days after the last day allowed." (1) See Rule
41(a)(1),(2).

 Our review of the motion to extend time and the attached exhibits indicates that this
Court does not have jurisdiction over the appeal. Because the motion for new trial was untimely,
the cash deposit and motion to extend time were untimely. Farrow v. Bramble, 663 S.W.2d 893,
895 (Tex. App. 1983, no writ); St. Paul Ins. Co. v. Rahn, 586 S.W.2d 701, 703 (Tex. Civ. App.
1979, no writ); see Thomas v. Davis, 553 S.W.2d 624 (Tex. 1977). Because Everman ISD filed
its motion to extend time beyond the specified time, this Court has no jurisdiction to consider it. 
See B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982).

 Even if Everman ISD had filed its motion for new trial timely and the cash deposit
were due December 16, 1991, we may dismiss the appeal for failure to file the record timely.
Tex. R. App. P. Ann. 54(a) (Pamph. 1991). If the motion for new trial were timely, the record
would have been due in this Court no later than January 15, 1992; and a motion for extension of
time, no later than January 30, 1992. Tex. R. App. P. Ann. 54(a),(c) (Pamph. 1991). To date,
Everman ISD has filed neither a transcript or statement of facts nor a motion to extend the time
for filing the record.

 The motion to extend time of Everman Independent School District is submitted
and dismissed. The appeal is dismissed for want of jurisdiction. Davies v. Massey, 561 S.W.2d
799 (Tex. 1978) (timely filing of bond or cash deposit in lieu thereof is jurisdictional).


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: February 12, 1992

[Do Not Publish]

1. On December 27, 1991, the Clerk of this Court, by postcard notice, requested that
Everman ISD file an amended motion, in compliance with Tex. R. App. P. Ann. 73 (Pamph.
1991), on or before January 13, 1992. To date, the school district has not filed an amended
motion as requested.